■ In the Matter of the Claim of LAWRENCE J. HOH, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board, filed May 25, 1971, disqualifying claimant from receiving unemployment insurance benefits on the ground that he voluntarily left his employment without good cause by provoking his discharge. The record establishes that immediately prior to his discharge the claimant had in the course of his employment constructed a plaque with the letters "S O B" embedded thereon and had placed it on his immediate supervisor's desk. The claimant admitted that prior to making such plaque he and his supervisor had been engaged in some discussions regarding his proposal for a salary increase, which discussions had apparently not been very satisfactory to the claimant. Two representatives of the employer not having personal knowledge of the incident testified that the claimant was discharged because the plaque constituted an insult to the claimant's superior. One of such representatives testified that the manner in which the plaque was constructed would not constitute a regular product of the claimant's employment. The board apparently rejected the claimant's contention that the plaque was, in fact, merely an incident of the ordinary course of his employment and was neither intended as an insult nor originally regarded as such by him or his superior. The record contains a great deal of hearsay evidence as to the claimant's superior having been insulted by the plaque. Ordinarily, the respondent Commissioner or an employer objecting to benefits would be expected to produce the allegedly offended superior when it appears that such employee is within their reach or control and this is particularly so, where, as here, whether the plaque constituted an insult is pretty much confined to the opinion of the one allegedly insulted. (See *Matter of Guminick* v. *Stewart*, 30 N Y 2d 684.) However, in the present case there was sufficient substantial evidence to support the board's finding that the claimant provoked his discharge without good cause. Decision affirmed, with-

out costs. Herlihy, P. J., Staley, Jr., Sweeney, Simons and Reynolds, JJ., concur.