■ In the Matter of the Claim of FRANK L. PHELKA, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 22, 1972, which: (1) held claimant ineligible to receive benefits effective July 20 through July 29, August 5, and August 17 through August 23, 1970 on the ground that he

was not totally unemployed; (2) charged him with an overpayment of $195 in benefits, ruled to be recoverable; and (3) held that claimant willfully misrepresented to obtain benefits for which a forfeiture of 32 effective days was imposed. Claimant filed for benefits effective February 16, 1970 and refiled effective July 13, 1970, and received benefits through the week ending December 13, 1970. He entered into a contract in May, 1970 with Henry Sysol, a building contractor for the construction of a home for the claimant. Sysol testified that claimant did certain concrete work on the house starting on July 20, 1970 and continuing intermittently through August 22, 1970 for a total of 57 hours at $5 per hour, under an arrangement whereby the amount due claimant would be deducted from the cost of the home being built, and also that claimant worked on projects for said contractor at two other locations, one being at a motel. Claimant presented a different version of the events which transpired during the period for which claimant asserts he had no employment. Questions of credibility are factual, and thus within the province of the board for determination. (*Matter of Bogusky [Catherwood]*, 34 A D 2d 871.) Whether a claimant is totally unemployed is also a factual question, and the board's decision should be affirmed if supported by substantial evidence. (*Matter of Bartlett [Catherwood]*, 32 A D 2d 591.) Certainly here the evidence presented by the witness Sysol constituted substantial evidence sufficient to support the board's determination. In addition, it should be noted that the notice of receipt of appeal from the Industrial Commissioner from the Referee's decision specifically provides that each party may submit in writing statements to be considered in connection with the appeal. The evidentiary effect to be given to the written statements submitted on behalf of the Industrial Commissioner was for the board. (*Matter of Goldberg [Catherwood]*, 31 A D 2d 580.) Decision affirmed, without costs. Herlihy, P. J., Staley, Jr., Sweeney and Reynolds, JJ., concur; Cooke, J., dissents and votes to reverse in the following memorandum. Cooke, J. (dissenting). I dissent and vote to reverse the decision, on the law, and remit the matter to the Appeal Board for further proceedings. The basic issue before the board was whether claimant was totally unemployed during the periods in question. Although there was evidence that claimant did work for a building contractor at three locations, one being a motel, there was testimony of the claimant to the contrary. The Referee found that the credible evidence does not establish that claimant was not totally unemployed during the period in question, but the board reversed and found the contrary. After stating that a hearing was held at which all parties were given a full opportunity to be heard and at which testimony was taken, the board's decision recites that "The Board considered a written statement submitted on behalf of the Industrial Commissioner on appeal." The Appeal Board file contains a letter dated January 11, 1972 from the counsel's office of the Division of Employment of the Department of Labor in support of the appeal of the Industrial Commissioner from the Referee's decision referring to and quoting in substance from an attached affidavit, purportedly by the owner of said motel, contradicting parts of claimant's testimony and supporting in some detail the Industrial Commissioner's contention that claimant worked on the motel premises during the period in question. Although the hearing held by an administrative tribunal acting in a judicial or quasi-judicial capacity may be more or less informal, and technical legal rules of evidence and procedure may be disregarded, no essential element of a fair trial may be dispensed with unless waived. This means, among other things, that the party whose rights are being determined must be fully apprised of the claims of the opposing party and of the evidence to be considered and must be given the opportunity to cross-examine witnesses, inspect documents and offer evi-

dence in explanation or rebuttal (*Matter of Hecht* v. *Monaghan*, 307 N. Y. 461, 470). The expressed consideration of the statement incorporating the allegations of the affidavit deprived claimant of rights to which he was entitled and was a denial of due process. The fundamental problem here is not whether substantial evidence supports the board's decision but, rather, whether claimant has been accorded the essential elements of a fair trial. Undoubtedly, the board's notice of receipt of appeal, stating that "each of the parties may submit, in writing, statements, documents or briefs to be considered in connection with this appeal", would permit taking in account writings such as those in the nature of legal or factual argument or even documents of which judicial notice might be taken, but consideration of an evidentiary affidavit on the merits, submitted after the close of testimony and as to which there was no right of cross-examination, should not be allowed under the familiar principles enunciated in *Hecht* (*supra*).