**9**    In the Matter of the Claim of VINCENTE ROSADO, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 8, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying the claimant from receiving benefits effective September 11, 1974 because he lost his employment through misconduct in connection therewith. The board found on substantial evidence in this record that the claimant was discharged because he refused to do work. The record does not sustain claimant's contention that the lack of an interpreter deprived him of due process. Decision affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur.

■    In the Matter of the Claim of HAROLD D. MULCAHY, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board which disqualified claimant from receiving benefits effective July 16, 1974 on the ground that he lost his employment through misconduct. The board's decision is supported by substantial evidence and must, therefore, be affirmed *(Matter of Hoh [Levine],* 39 AD2d 620; cf. *Matter of Raven [Levine],* 40 AD2d 128). Decision affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur.

■    In the Matter of the Claim of JOYCE COULTMAN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 10, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective January 25, 1974 on the ground that she lost her employment through misconduct. Claimant lost her employment after an incident took place in the employer's cafeteria on January 17, 1974 which resulted in ethnic insults. Claimant contends upon this appeal that this incident did not in and of itself constitute misconduct sufficient to disqualify her from receiving unemployment benefits. There is evidence in the record, however, in the form of testimony of the cashier, that claimant had caused trouble on numerous occasions by not fully paying her bills, so as to hold up the lunch line almost everyday. The personnel manager of the employer testified that claimant had been in the practice of constantly leaving her machine and wandering around many times a day, making personal telephone calls, and refusing to correct errors in her work although her work basically was satisfactory, and that the incident in the cafeteria on January 17 was merely "the straw that broke the camel's back". The board found that claimant was discharged because of this cumulative record of events, and we find no basis for upsetting the board's determination that these incidents taken together constituted sufficient misconduct contrary to the employer's interests so as to justify dismissal under disqualifying circumstances. Decision affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur.