■ In the Matter of the Claim of DANIEL LEVICK, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 12, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground that he lost his employment because of misconduct. The board found that on two separate occasions the claimant made threatening and intimidating remarks about his employer's executive director. These findings are supported by substantial evidence and cannot be disturbed (Labor Law, § 623; *Matter of Fisher [Levine]*, 36 NY2d 146). The evidence was in conflict, but resolution of the conflict and credibility of witnesses is within the exclusive province of the board *(Matter of Phelka [Levine]*, 41 AD2d 982; *Matter of Lester [Catherwood]*, 30 AD2d 1025). An employee's threats and insults to his supervisor constitute misconduct within the meaning of subdivision 3 of section 593 of the Labor Law *(Matter of Hoh [Levine]*, 39 AD2d 620; *Matter of Kreager [Catherwood]*, 34 AD2d 1033). At claimant's request, his union instituted an arbitration proceeding against his employer to contest his discharge. In that proceeding, the arbitrator found that disciplinary action against claimant was warranted, but that in view of claimant's length of service (about nine years) discharge was an excessive penalty and the arbitrator ordered claimant reinstated to his employment *without pay*. The claimant contends on the appeal that the board failed to properly consider the effect of the binding arbitration award involving the same occurrence, which set aside the claimant's discharge and reduced the penalty to suspension without pay. The denial of unemployment benefits during the period of claimant's suspension is consistent with the award. The award determined that a penalty of loss of wages for claimant's misconduct in his employment was warranted. The board was correct in not awarding unemployment benefits to reduce the penalty established by the award. *Matter of Slade (Levine)*, (41 AD2d 800) is not in conflict with the board's determination. In *Slade,* this court did not hold that benefits are mandated for the period of claimant's suspension. In *Slade,* after the claimant was reinstated with total loss of pay during suspension and returned for work, there was no work available as his employer was going out of business. The claimant then became unemployed and eligible for benefits. Decision affirmed, without costs. Greenblott, J. P., Kane, Larkin, Herlihy and Reynolds, JJ., concur.

■ In the Matter of the Claim of VICTORIA S. NORMAN, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 7, 1976, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective August 24, 1975 because she lost her employment through misconduct. The determination of the issue of misconduct is a factual one *(Matter of Desvaux [Levine]*, 49 AD2d 778). When such a determination is supported by substantial evidence, it must be affirmed *(Matter of Lester [Catherwood]*, 30 AD2d 1025). Claimant's admitted alteration of the doctor's certificate provides the substantial evidence here. Decision affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.