■    In the Matter of the Claim of FELICE E. PUNTER, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 15, 1975, which disallowed benefits upon the ground that claimant lost her employment through misconduct. The record contains evidence that the claimant signed her manager's name to a certain form without authorization, either express or implied, under circumstances involving a third party's investigation of claimant. The finding of misconduct is based upon the board's interpretation of the facts before it and is supported by substantial evidence. Decision affirmed, without costs. Greenblott, Main and Herlihy, JJ., concur; Koreman, P. J., and Mahoney, J., dissent and vote to reverse in the following memorandum by Mahoney, J. Mahoney, J. (dissenting). Claimant, a credit and collection clerk, worked for L. M. Blumstein, Inc., from May 22, 1973 until January 27, 1975. On or about December 5, 1974 claimant was involved in an automobile accident in which she sustained personal injuries. In connection therewith claimant received a wage verification report form from her insurance company requesting wage information. The insurance company improperly completed the form in that in the box for the employer's name and address it typed claimant's name and address. While the phraseology of the inquiries contained in the form should have suggested to claimant that the questions were addressed to her employer, she, nevertheless, completed the form and wrote her manager's name in the place provided asking for the name of her supervisor. When the insurance company telephoned claimant's employer to verify the information, it was disclosed to the employer that claimant had filled out the form herself. Whereupon, the employer discharged claimant believing that her conduct in completing a form that she should have known was more properly the concern of her employer detracted from her veracity as an employee assigned confidential credit responsibilities. The referee's decision that there was insufficient evidence to establish that claimant lost her employment due to misconduct was reversed by the board pursuant to an appeal by claimant's employer. It is a settled principle of law that a valid cause for discharge must rise to the level of misconduct before an employee becomes ineligible to receive benefits (Matter of James [Levine], 34 NY2d 491). Misconduct is a volitional act or omission which is detrimental to an employer's interest. Upon this record there is no evidence that claimant's conduct in filling out the insurance form was detrimental to the interest of her employer. The information given by claimant in the insurance form was accurate and concerned a claim in which her employer had no interest and would incur no consequences. Further, claimant's act was not a knowing violation after warning (Matter of Coultman [Levine], 49 AD2d 782), but, was a single infraction unaccompanied by any evidence of dishonesty and, in our view, did not constitute disqualifying misconduct on her part. We would, therefore, reverse the decision of the board.

■    VILLAGE OF MONTICELLO URBAN RENEWAL AGENCY, Appellant, v RUPP & STURGIS, INC., Respondent.—Order, Supreme Court, Sullivan County, entered February 13, 1976, affirmed, with costs, on the opinion of Staley, Jr., J., at Special Term. Sweeney, J. P., Kane, Main, Herlihy and Reynolds, JJ., concur.