■ In the Matter of the Claim of MARY TARVER, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 22, 1977, which reversed a decision of a referee affirming the initial determination and held that the claimant was ineligible for benefits effective February 28, 1977 because she lost her employment because of misconduct in connection therewith. The claimant had worked for the employer, Manufacturers Hanover Trust Company, for about 10 years as supervisor of a clerical unit. According to the bank's policy, the claimant and those similarly situated, if not all of the employees, received their salary by means of the bank depositing the same each week to the credit of the employee in a checking account in his name in the employer bank. The record shows that claimant had requested that she be paid in cash, but her request was denied. A booklet presented to each employee provided in pertinent part as follows: "Your account doesn't open until you receive the Earning Statement showing the first deposit made for your salary. You may then make additional deposits and use the checking account as you would any other. With your first supply of checks you will receive a booklet describing in detail how to use your Employee Checking Account. Remember your Employee Checking Account is a convenience and a privilege. You are cautioned not to overdraw your account. According to New York Banking Law, you are guilty of

a misdemeanor if you knowingly overdraw your Employee Checking Account. In addition, unintentional overdrafts reflect on your ability as a banker to manage your personal finances. The first overdraft in your account in a twelve month period will be referred to your supervising officer. If paid, you will be expected to cover the overdraft the same day. Subsequent overdrafts created by checks not cashed at the Bank will be returned, and you will be notified of the return through your supervisor. Your supervisor will also notify you of overdrafts arising from checks cashed at the Bank, and you will be expected to cover these the same day. The fourth overdraft in a twelve month period will place your account on 'alert' for three months, allowing you to draw only one check each week. A second occurrence of four overdrafts in a twelve month period will place your account on 'alert' for another three months. You will also be placed on probation for the same period." The record shows that in August of 1976 claimant, after previous warnings for violation of the afore-mentioned rules, overdrew her account four times and was given a final warning. On February 23, 1977, claimant wrote a check for $98 which resulted in her being overdrawn to the extent of $2.50. Following this overdraft she was discharged. It is noteworthy that in each instance when the account was overdrawn the deficit was small and promptly corrected upon notification through an appropriate deposit by the claimant. The board found that "the maintenance of her checking account was a condition of her employment" and that claimant's failure to maintain the account in a proper fashion constituted misconduct in connection with her employment. We disagree. Concededly, the checking account rule was violated by the claimant. However, while an employer may be completely justified in discharging an employee, the grounds for firing may not constitute misconduct within the meaning of subdivision 3 of section 593 of the Labor Law (Matter of Morgen [Ross], 54 AD2d 523). Every discharge for cause does not mean that the cause constitutes misconduct, although it may (Matter of Hulse [Levine], 41 NY2d 813; Matter of De Grego [Levine], 39 NY2d 180, 184). It is a settled principle of law that a valid cause for discharge must rise to the level of misconduct before an employee becomes ineligible to receive benefits (Matter of James [Levine], 34 NY2d 491; Matter of Punter [Ross], 54 AD2d 526). The conduct here did not attain such a height. There is not a shred of evidence that claimant performed her assigned duties in other than a satisfactory manner for 10 years. Her only sin concerned her inability to maintain a solvent checking account, an affliction which daily experience tells us is shared by thousands, the bulk of whom are well-intentioned citizens. There is no evidence claimant intended to overdraw her account, no evidence of fraud and there is no evidence the employer was harmed or exposed to harm of any kind. Surely the violation of this rule, a rule of dubious distinction, does not rise to the level of misconduct called for in James (supra). Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Greenblott, J. P., Sweeney, Main, Larkin and Mikoll, JJ., concur.