■ In the Matter of the Claim of ANTHONY JOHNSON, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 9, 1979, which modified the Administrative Law Judge's findings and sustained an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he lost his employment through misconduct. Claimant worked as a part-time grocery clerk in a supermarket for about three months commencing December 15, 1978. On March 26, 1979, he was observed purchasing a six-pack carton of beer costing $2.21, for which the cashier rang only 33 cents on the cash register. When confronted, the cashier insisted it was a mistake. Claimant paid the balance of the true cost. Claimant alleged he originally gave her a five-dollar bill for which he received change, which he put in his pocket without counting it. He testified, when confronted by a supervisor, that he took out his money and realized he had been given too much change, whereupon he gave the cashier two one-

dollar bills. The following day was his day off, but when claimant was in the store to purchase items the assistant manager indicated both he and the cashier had been fired because of the incident. He insisted he was an innocent victim of the cashier's wrongful or erroneous actions. There are obvious contradictions in the testimony of the witnesses. Resolution of conflict and credibility of witnesses is within the sole province of the board *(Matter of Schlicker [Blake & Sons—Ross], 55* AD2d 789; *Matter of Phelka [Levine], 41* AD2d 982). Violation of the employer's rules is misconduct *(Matter of Green [Levine], 53* AD2d 782). The record contains substantial evidence to support the board's determination which should not be disturbed by us *(300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45* NY2d 176; *Matter of Lester [Catherwood], 30* AD2d 1025). Decision affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Yesawich, Jr., and Weiss, JJ., concur.