■ In the Matter of the Claim of ROBERT R. RANNI, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 10, 1981, which affirmed the decision of an Administrative Law Judge sustaining an initial determination of the Industrial Commissioner which disqualified claimant from receiving benefits because he lost his employment through misconduct. Claimant, a hearing officer in the New York State Department of Social Services, was charged by his employer with various acts of misconduct, including gross insubordination, failure to obey his supervisors, and failure to properly perform his duties. Pursuant to the collective bargaining agreement between claimant's union and the employer, the matter was submitted to binding arbitration. After a hearing, at which claimant was permitted to introduce evidence, cross-examine witnesses and argue his position, the impartial arbitrator found him guilty as charged and further, that his termination, the penalty sought by the State, was appropriate. At issue is the effect of the arbitrator's finding on claimant's application for unemployment insurance benefits. The doctrines of claim preclusion and issue preclusion between the same parties apply to awards in arbitration as they do to adjudications in judicial proceedings *(Matter of American Ins. Co. [Messinger — Aetna Cas. & Sur. Co.],* 43 NY2d 184 [parties and dispositive issues identical]). However, to invoke the doctrine of issue preclusion, there must be an identity of issue *(Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71; see Siegel, New York Practice, §§ 442-443, pp 585-587). Here the decisive issues before the arbitrator and the Administrative Law Judge were dissimilar and

the fact-finding process before an arbitrator will not preclude the Administrative Law Judge from conducting a hearing upon the merits *(Matter of Morgen [CBS, Inc. — Ross],* 54 AD2d 523). As we stated, "[a]n employer may be completely justified in discharging an employee, yet the grounds for the firing may not constitute misconduct within the meaning of subdivision 3 of section 593 of the Labor Law". *(Id.,* at p 524.) Moreover, it is noted that the Industrial Commissioner, while not a party to the arbitration proceeding, is a party to the subject proceeding (cf. *Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 196). Since the board relied exclusively upon the arbitrator's findings, there is no substantial evidence on the present record to support the board's determination. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Kane, J.P., Main, Mikoll and Herlihy, JJ., concur.

Yesawich, Jr., J., dissents and votes to affirm in the following memorandum. Yesawich, Jr., J. (dissenting). The question before the impartial arbitrator was whether, as the employer charged, Ranni was guilty of, among other things, insubordination. Following a full and fair opportunity to contest those charges, Ranni was found by the arbitrator to have refused to hold hearings, though ordered to do so by his supervisor, and guilty of certain rule infractions respecting record keeping. The Industrial Commissioner and the Administrative Law Judge, relying on the arbitrator's findings, concluded that claimant's actions constituted misconduct under the Labor Law and denied him unemployment insurance benefits. In my view, claimant should be barred from relitigating those factual findings. If the Industrial Commissioner had pressed additional facts upon the Administrative Law Judge for consideration, other than those found by the arbitrator, the position adopted by the majority would indeed be well taken, but that is not the case here. Furthermore, the fact that the Industrial Commissioner, an added party in this proceeding, was not a party to the arbitration proceeding does not add substance to claimant's demand that he be allowed to relitigate the misconduct charges. Both ·the claimant and the employer were parties to the arbitration proceeding, and the employer also appeared at the subsequent unemployment insurance benefits hearing, at which hearing the Industrial Commissioner relied upon nothing more than those facts, found by the arbitrator, which are binding upon both claimant and the employer. Of course, there is a dissimilar issue in these two proceedings, namely, whether the facts as found by the arbitrator equate to misconduct within the meaning of subdivision 3 of section 593 of the Labor Law. That issue quite properly was for the appeal board only to determine *(Matter of Herwig [Ross],* 68 AD2d 997), and since there is ample evidence to support that finding, the board's decision must be upheld. Accordingly, I would affirm.