■ In the Matter of the Claim of Calvin C. Myers, Appellant. New York City Housing Authority, Respondent. Lillian Roberts, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 6, 1981, which affirmed the decision of an administrative law judge sustaining the initial determination of the Commissioner of Labor disqualifying claimant from receiving benefits on the ground that he lost his employment through misconduct in connection therewith. Claimant, a housing patrolman employed by the New York City Housing Authority, was the subject of a disciplinary proceeding based on charges that he (1) operated a private automobile without proper financial security; (2) operated an unregistered motor vehicle; (3) used the license plates from another vehicle on his private automobile; (4) operated an official New York City Housing Authority Police Department automobile after his driver's license had been revoked; and (5) made false or misleading statements during an official investigation concerning his operation of the authority's official vehicle during the days included under the fourth charge. The first four charges were alleged to be in violation of General Order No. 18 of the New York City Housing Authority Police Department which provides that a member of the force both on and off duty shall not engage in conduct prejudicial to the good order, efficiency or discipline of the department nor neglect his duty by any act or omission. Following a hearing pursuant to section 75 of the Civil Service Law, the housing authority confirmed the hearing officer's decision finding claimant guilty of all five charges but modified the recommended penalty by suspending claimant without pay for a period of 44 days. Claimant filed for unemployment insurance benefits for the period of his suspension. The board concluded that it was bound by the findings of the authority as to claimant's guilt of the five charges involved in the disciplinary proceeding. It was determined by the board that claimant's conduct alleged in the fourth charge that he operated the employer's motor vehicle without a valid license was sufficient to rise to the level of misconduct under the Unemployment Insurance Law. Accordingly, the initial determination that claimant be disqualified from receiving benefits on the ground that he lost his employment through misconduct in connection therewith was sustained. In June, 1981, claimant appealed from the board's decision. Thereafter, in January, 1982, the New York City Civil Service Commission concededly modified the decision of the housing authority by reversing the findings of guilt as to charges four and five and reducing the

penalty to a suspension without pay for 30 days. In view of the fact that the board's determination of misconduct was based on the housing authority's finding that claimant was guilty of the fourth charge and the fact that that finding has since been reversed by the New York City Civil Service Commission, the board's decision must be reversed and the matter remitted to the board for further proceedings concerning the effect of the civil service commission's modification. Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Casey and Weiss, JJ., concur.

Kane, J., concurs in the following memorandum. Kane, J. (concurring). In my view, the board erroneously held it was bound by the findings of the housing authority (*Matter of Ranni* [*Ross*], 84 AD2d 858, mot for lv to app granted 56 NY2d 501).