■ In the Matter of the Claim of JUSTINO VEGA, Appellant.

THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 19, 1990, which, upon reconsideration, adhered to its original decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Although claimant does not remember making the telephone call wherein he used abusive language to his supervisor's wife and threatened his supervisor, claimant's own testimony and his admission in his brief that he made "one unfortunate call" supports the conclusion that he did make the call. Also, while he argues to the contrary, claimant knew from his suspension notice that any such conduct could result in his termination; as such, the determination that this constituted misconduct warranting claimant's disqualification from receiving unemployment insurance benefits is supported by substantial evidence (see, Matter of Levick [Ross], 53 AD2d 950, appeal dismissed 42 NY2d 909, lv denied 42 NY2d 811; cf., Matter of Marquez [Roberts], 107 AD2d 959, 960). In addition, the record fails to support claimant's contention that the lack of an interpreter denied him due process (see, Matter of Rosado [Levine], 49 AD2d 782) and, in fact, it is clear from claimant's testimony that he understood why he was terminated.

Decision affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.