■ In the Matter of the Claim of MARLON McPHAIL, Appellant. COMMISSIONER OF LABOR, Respondent. [715 NYS2d 520] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 27, 1999, which denied claimant's application for reconsideration of a prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a messenger/transporter for a hospital after three consecutive days of unexcused absences from work. In an April 29, 1999 decision, the Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits on the ground that he was terminated for misconduct. By order dated June 21, 1999, the Board granted

claimant's application to reopen the decision and, upon reconsideration, remitted the matter for further testimony. Although claimant mailed in telephone records, he failed to appear at the subsequent hearing. Based upon claimant's failure to substantiate his contention that he phoned his employer as required, the Board adhered to its prior decision finding that claimant engaged in disqualifying misconduct. Claimant's subsequent application to reopen the decision was denied by order filed September 27, 1999, prompting this appeal.

Initially, upon a review of the record we do not find that the Board abused its discretion in its September 27, 1999 order denying claimant's application to reopen the Board's August 27, 1999 decision to adhere to its April 29, 1999 ruling that claimant engaged in disqualifying misconduct (*see, Matter of Caravan [Hartnett]*, 179 AD2d 972; *Matter of Schwartz [Creative Tutoring—Roberts]*, 91 AD2d 778; *see also,* Labor Law § 534). In any event, substantial evidence supports the Board's conclusion that claimant failed to follow the employer's established policy when notifying his supervisors that he would be absent from work due to an alleged illness, notwithstanding previous warnings regarding attendance. Although claimant testified that he left messages on his employer's answering machine, the employer testified that no messages were received. Given the testimony on behalf of the employer, which was credited by the Board, we find no reason to disturb the Board's decision (*see, Matter of Tensley [Sweeney]*, 232 AD2d 711; *Matter of Caravan [Hartnett], supra*).

Mercure, J. P., Crew III, Peters, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.