■ In the Matter of the Claim of JUSTINA L. GLOWINSKI, Appellant. COMMISSIONER OF LABOR, Respondent. [772 NYS2d 639]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 28, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment for excessive absenteeism and failure to call in her absences. Prior to her termination, claimant advised the employer of her desire to spend time with her sick mother and inquired about taking a leave of absence. Although not approved for such leave, claimant failed to report to work for several days and failed to comply with the employer's call-in policy which prohibited more than two unreported absences a year.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant lost her employment due to disqualifying misconduct. An unauthorized absence from work (*see Matter of Jacque [Commissioner of Labor]*, 270

AD2d 541 [2000]; *Matter of Burns [Commissioner of Labor]*, 259 AD2d 797 [1999]; *Matter of Polax [New York City Dept. of Correction—Sweeney]*, 220 AD2d 919 [1995]) or a failure to abide by an employer's call-in policy can constitute disqualifying misconduct (*see Matter of Jimenez [Commissioner of Labor]*, 301 AD2d 716, 716-717 [2003]; *Matter of Lyubinskaya [Daffy's, Inc.—Commissioner of Labor]*, 288 AD2d 551, 552 [2001]). Claimant's remaining contention, that she was automatically entitled to a determination in her favor because the employer failed to appear at the hearing, has been reviewed and found to be without merit.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.