■ In the Matter of the Claim of ARIKHAY ISKHAKOV, Appellant. COMMISSIONER OF LABOR, Respondent. [783 NYS2d 161]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 12, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment as an ambulette driver due to misconduct. It is well settled that an unauthorized absence from work or failure to comply with the employer's known call-in policy have been held to constitute disqualifying misconduct (see Matter of Glowinski [Commissioner of Labor], 5 AD3d 839 [2004]; Matter of Jimenez [Commissioner of Labor], 301 AD2d 716 [2003]). Here, claimant was aware of the employer's absentee policy but failed to contact the employer about his absence until nine hours after his shift began. Claimant's contention that he informed the employer of his absence created a credibility issue for the Board to resolve (see Matter of Jones [Commissioner of Labor], 307 AD2d 582 [2003]).

To the extent that claimant maintains that an interpreter was necessary, the record establishes that claimant failed to request such services and was able to understand and participate in the hearing (see Matter of Vega [Hartnett], 168 AD2d 727 [1990]; Matter of Ramsey [Ross], 63 AD2d 1061 [1978]). Claimant's remaining contention has been reviewed and found to be without merit.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.