■ In the Matter of the Claim of ROBERT M. KURTZ, Appellant. CITY OF NEW YORK, Respondent; COMMISSIONER OF LABOR, Respondent. [783 NYS2d 434]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 25, 2004, which ruled that claimant was

disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a laborer for the Department of Environmental Protection of the City of New York. As a result of his failure to call in or report to work on August 14, 2003, he was terminated from his position. The Unemployment Insurance Appeal Board disqualified claimant from receiving unemployment insurance benefits on the ground that his employment was terminated due to misconduct. He now appeals.

We affirm. It is well settled that an employee's failure to report to work or to abide by an employer's call-in policy can constitute disqualifying misconduct (*see Matter of Glowinski [Commissioner of Labor]*, 5 AD3d 839 [2004]; *Matter of Hughes [Commissioner of Labor]*, 283 AD2d 753 [2001]). Here, the employer's representatives testified that while claimant had received prior warnings regarding excessive absenteeism and failing to timely call in, he did not report to work on August 14, 2003 or call in one hour before or after the start of his shift as required by the rules set forth in the employment handbook. Although claimant maintained that he was unable to work on August 14, 2003 because he had a severe case of poison ivy and called the dispatcher on August 12, 2003 to report that he would be out of work for two days, contrary testimony was presented by the employer, thus presenting a credibility issue for the Board to resolve (*see Matter of McCullough [Publisher's Clearing House—Commissioner of Labor]*, 307 AD2d 567, 568 [2003]; *Matter of Mahon [Commissioner of Labor]*, 288 AD2d 740 [2001]). In any event, inasmuch as claimant did not call in on August 14, 2003 as required, we find no reason to disturb the Board's decision.

Cardona, P.J., Crew III, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.