■ In the Matter of the Claim of CRAIG P. SERAFIN, Appellant. COMMISSIONER OF LABOR, Respondent. [804 NYS2d 477]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 26, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his position as a customer service agent after he failed to call his employer to report that he would be absent because he was unable to repair a flat tire on his vehicle. He had previously received a final warning that he would be terminated if his absenteeism problems continued. The Unemployment Insurance Appeal Board disqualified him from receiving unemployment insurance benefits on the ground that he was terminated due to misconduct. Claimant now appeals.

"It is well settled that an employee's failure to report to work or to abide by an employer's call-in policy can constitute disqualifying misconduct" (*Matter of Kurtz [City of New York—Commissioner of Labor]*, 12 AD3d 770, 771 [2004] [citations omitted]). Here, although claimant called the employer's hotline and left a message that he would be late, he did not call again to report that he would be absent when it became apparent that he would not be able to immediately repair the tire. In addition, contrary to the employer's call-in policy, he did not speak with his supervisor. Under these circumstances, substantial evidence supports the Board's decision (*see Matter of Hughes [Commissioner of Labor]*, 283 AD2d 753, 753 [2001]; *Matter of McPhail [Commissioner of Labor]*, 277 AD2d 559, 560 [2000]).

Cardona, P.J., Mercure, Spain, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.