██ In the Matter of the Claim of Tara M. Kessler, Appellant. Commissioner of Labor, Respondent. [836 NYS2d 324]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 28, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant, an inventory clerk, worked for the employer for a little over two years. Following complaints of sexual harassment in the workplace by her and a coworker, the employer circulated a memorandum barring certain activities, including displaying items of a personal nature in the work area. Thereafter, claimant was reprimanded for having a personalized screen saver on her computer as well as for being late. In response, she became upset and abruptly left her work area. When she returned, claimant convinced her coworker to join her in leaving the employer's premises. After leaving, claimant called to report that she would be taking the rest of the day off as a personal day. Two days later, she sent an e-mail advising her employer that she had been sick and requested that she receive her vacation pay for her intended absence the rest of the week. The employer responded that it considered claimant to have abandoned her job. Claimant subsequently filed a claim for

unemployment insurance benefits and, after extended proceedings, the Unemployment Insurance Appeal Board ruled that she was disqualified from receiving them because she was terminated for misconduct. Claimant appeals.

We affirm. A claimant's unauthorized absence from work has been found to constitute misconduct disqualifying a claimant from receiving unemployment insurance benefits (*see Matter of Glowinski [Commissioner of Labor]*, 5 AD3d 839, 839-840 [2004]; *Matter of Mahon [Commissioner of Labor]*, 288 AD2d 740 [2001], *lv denied* 97 NY2d 612 [2002]). Here, it is undisputed that claimant did not obtain the employer's approval before she decided not to report to work on the days following her abrupt departure. Although she testified that one of the principals told her immediately after the incident that it was okay to leave, his testimony suggests otherwise and, in any event, cannot be interpreted as authorizing claimant's absence for the remainder of the week. Claimant's assertion that she was absent due to illness and the weak evidence she submitted in support of this claim presented a credibility issue for the Board to resolve (*see Matter of Sadowski [Star Corrugated Box Co.—Commissioner of Labor]*, 268 AD2d 752 [2000]).

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.