■ In the Matter of the Claim of TEOFILO V. RAMIREZ, Appellant. COMMISSIONER OF LABOR, Respondent. [853 NYS2d 399]—

Claimant, a truck loader, was discharged by his supervisor after failing to report to work without notice on three consecutive days in March 2006. After a hearing, the Administrative Law Judge, citing claimant's inconsistent testimony and prior statements to Department of Labor representatives, found that claimant was disqualified from receiving unemployment insurance benefits because he lost his job due to misconduct. The Unemployment Insurance Appeal Board affirmed, prompting this appeal by claimant.

We affirm. "It is well settled that an employee's unauthorized absence from work may constitute disqualifying misconduct" (*Matter of Owens [Commissioner of Labor]*, 306 AD2d 608, 609 [2003] [citations omitted]; *see Matter of Kessler [Commissioner of Labor]*, 40 AD3d 1236, 1237 [2007]). There is no dispute that claimant failed to report for work on the days in question and, to the extent that claimant contends that he reported his absence to his employer on at least two of the three days at issue, we need note only that such testimony presented a credibility issue for the Board to resolve (*see Matter of Iskhakov [Commissioner of Labor]*, 11 AD3d 872, 873 [2004]). Significantly, claimant's testimony on this point at the hearing directly contradicted his prior statements to Department of Labor representatives. Under such circumstances, there is substantial evidence to support the Board's finding that claimant's absence from work was unauthorized and, hence, constituted disqualifying misconduct (*see e.g. Matter of Glowinski [Commissioner of Labor]*, 5 AD3d 839 [2004]).

Peters, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.