In the Matter of the Claim of DAVID J. ATSON, Appellant. COMMISSIONER OF LABOR, Respondent. [883 NYS2d 635]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 25, 2008, which disqualified claimant from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked for a heating contractor for approximately three years. Because claimant was experiencing financial difficulties, his employer gave him an advance on money that he would be paid while on vacation. The employer insisted, however, that claimant take two weeks of vacation before September 15. Claimant refused to take vacation because he could not afford to go two weeks without any pay. His employment was terminated as a result. The Unemployment Insurance Appeal Board ruled that he was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct. Claimant appeals.

We affirm. Preliminarily, we note that whether an employee has engaged in disqualifying misconduct is a factual question for the Board to decide and its determination will not be disturbed if supported by substantial evidence (see Matter of Peterson [Commissioner of Labor], 32 AD3d 610, 610 [2006]). Notably, an employee's failure to comply with the reasonable request of an employer may constitute misconduct disqualifying him or her from receiving unemployment insurance benefits (see Matter of Miles [Commissioner of Labor], 54 AD3d 467, 467-468 [2008]; Matter of Guagliardo [Commissioner of Labor], 27 AD3d 866, 867 [2006]). Here, it is undisputed that claimant told the employer that he could not take two weeks of vacation prior to the start of the employer's busy season as had been requested. Such request was totally reasonable particularly since the employer had already given claimant an advance on his vacation pay and did not allow employees to take cash in lieu of a vacation. Claimant's differing version of the other events leading up to his discharge presented a credibility issue for the

Board to resolve (*see Matter of Tahat [Commissioner of Labor]*, 58 AD3d 921 [2009]; *Matter of Ramirez [Commissioner of Labor]*, 49 AD3d 953, 954 [2008]). Given that substantial evidence supports the Board's decision, we find no reason to disturb it.

Cardona, P.J., Rose, Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.