■ In the Matter of the Claim of GLENDORA F. LESTER, Appellant. LINDA E. JONES, DDS, PLLC, Respondent; COMMISSIONER OF LABOR, Respondent. [923 NYS2d 798]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 12, 2010, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a dental assistant for more than a year and a half. The employer had a policy of requiring employees to call in if they were going to be absent. Claimant had a history of tardiness and unexcused absences from work for which she had previously received warnings. She was hospitalized on April 12, 2009. She called to advise the employer of this on April 13, 2009 and indicated that she was not sure when she would be released. The employer asked claimant to keep her advised of the status of the situation. Although claimant was released from the hospital on April 14, 2009 and was scheduled to work that day through April 17, 2009, the employer did not hear from her until April 22, 2009, by which time claimant's employment had already been terminated. Claimant applied for unemployment insurance benefits but the Unemployment Insurance Appeal Board ruled that she was disqualified from receiving them because her employment was terminated due to misconduct. Claimant appeals.

We affirm. An employee's failure to comply with an employer's reasonable call-in policy has been held to constitute disqualifying misconduct (*see Matter of Ruiz [Commissioner of Labor]*, 48 AD3d 865, 866 [2008]; *Matter of Serafin [Commissioner of Labor]*, 23 AD3d 980 [2005]). Here, the employer testified that claimant did not call in after she was released from the hospital or report for work and that she first heard from claimant on April 22, 2009 after she had sent claimant a letter of termination. This was consistent with claimant's prior conduct for which she had received warnings. While claimant maintained that she called the employer while she was in the hospital and after she was released and scheduled to work, this presented a credibility issue for the Board to resolve (*see Matter of Jaquez [Commissioner of Labor]*, 75 AD3d 1038, 1039 [2010]; *Matter of Iskhakov [Commissioner of Labor]*, 11 AD3d 872, 873 [2004]). Given that substantial evidence supports the Board's decision, we find no reason to disturb it.

Peters, J.P., Spain, Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.