■ In the Matter of the Claim of Thomas M. Costello, Respondent. Marine Midland National Bank of Troy, Appellant; Martin P. Catherwood, as Industrial Commissioner, Respondent.— Memorandum by the Court. Appeal by the employer from a decision of the Unemployment Insurance Appeal Board, filed October 9, 1968, which affirmed a determination that the claimant refused work with good cause. The appellant on April 4, 1968 offered the claimant a job. On the same day the claimant secured employment at a higher rate of pay to commence on April 8, 1968 and, accordingly, refused appellant's offer. The appellant's representatives at the hearing were evasive as to whether they were offering the claimant temporary or permanent employment. The Referee noted that "bona fides of the offer of work for a single day * * * is open to serious question." Upon the present record the issue of good cause was a question of fact for the board (*Matter of Kroo* [*Catherwood*], 27 A D 2d 782). Decision affirmed, with costs to the claimant-respondent. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by the court.

■ In the Matter of the Claim of Jessie Martin, Appellant. Martin P. Catherwood, as Industrial Commissioner, Respondent.— Greenblott, J. Appeal from a resettled decision of the Unemployment Insurance Appeal Board, filed July 3, 1969, adhering to its decision filed October 16, 1968, disqualifying claimant from unemployment insurance benefits. Claimant, a clerk in the Department of Health, Education and Welfare, was separated from this employment involuntarily "for insubordinate and offensive behavior toward supervisors and fellow employees". Termination of employment on the ground

of insubordination constitutes sufficient reason for denial of benefits (*Matter of Hasbrouck [Catherwood]*, 28 A D 2d 621). This determination of the Federal agency as to the cause of claimant's termination of employment is binding on the board. (U. S. Code, tit. 5, § 8506; *Matter of Miller [Catherwood]*, 30 A D 2d 610.) Since there is substantial evidence to support the board's determination, it must be upheld. Decision affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Greenblott, J.