■ In the Matter of the Claim of PATRICIA M. EAGAN, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 26, 1979, which determined that claimant was disqualified from receiving unemployment insurance benefits. Claimant had an excellent record for a period in excess of two years with an automobile parts distributor. Her work required her to lift automobile parts weighing over 15 pounds from eight-foot shelves and place them on a conveyor belt. It is conceded that in the course of a day claimant would so remove over 1,000 pounds of parts. Claimant incurred a compensable arm injury in October, 1977, which caused her to lose 27.75 hours of work while she continued her employment. Her doctor advised her to take one week of sick leave in addition to a scheduled two-week vacation to rest her arm. The employer agreed to the arrangement. During the first week of her leave claimant was asked to fill in at a softball game she was watching. She did so and her employer fired her. Subsequently, she was denied benefits by the board on the ground that she lost her employment because of misconduct and this appeal ensued. We conclude that there is no substantial evidence in the record to support the appealed decision. Claimant was a young, industrious, faithful employee who committed an error of judgment in playing softball during her paid sick leave. Her act was in response to a request of her former coach who had a shortage of players, and was not intended to injure her employer's interest. The factual pattern herein is clearly distinguishable from *Matter of James (Levine)* (34 NY2d 491), where the employee's misconduct was repeatedly reporting to work under the influence of alcohol, as it is from *Matter of Morgen (Ross)* (54 AD2d 523), where the employee had a history of tardiness and insubordinate conduct. Similarly, *Matter of Martin (Catherwood)* (33 AD2d 815) and *Matter of Sosa (Catherwood)* (32 AD2d 864) are inapposite to support the board's decision. In *Martin,* the claimant was discharged for insubordination and offensive behavior toward superiors and fellow employees. In *Sosa,* claimant was fired for removing materials from his employer's premises despite posted notices warning against such a practice. Here, unlike *Martin* and *Sosa,* claimant acted without premeditation. She made a spontaneous decision which, given the purpose of her leave, was an error of judgment. It was not misconduct within the meaning of the statute (Labor Law, § 593, subd 3). Decision reversed, with costs, and matter remitted to the Unemploy-

ment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.