■ In the Matter of the Claim of PETER D. SCHIFFKE, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 19, 1991, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant's co-worker testified that despite repeatedly telling claimant that she did not want to talk to him after she terminated their social relationship, claimant nevertheless kept sending her notes at work asking her to talk to him. The co-worker testified that the day before claimant was discharged, she was working in the print room when claimant pushed her and cursed at her. Claimant's supervisor testified that he had previously discussed the company's policy against harassment with claimant. The supervisor also testified that after the print room incident involving the co-worker, he again met with claimant and warned him that such behavior could lead to his discharge. The next day, however, after being requested by the co-worker to make certain copies, claimant returned the work unfinished with a note again asking the co-worker to talk to him. He was then discharged. Under these circumstances, the conclusion by the Unemployment Insurance Appeal Board that claimant lost his employment due to misconduct is supported by substantial evidence and must be upheld (see, Matter of Levick [Ross], 53 AD2d 950, appeal dismissed 42 NY2d 909, lv denied 42 NY2d 811; Matter of Martin [Catherwood], 33 AD2d 815; cf., Matter of Marquez [Roberts], 107 AD2d 959). Claimant's contrary version of the events leading to his discharge merely raised questions of credibility for resolution by the Board (see, Matter of Padilla [Sephardic Home for the Aged—Roberts], 113 AD2d 997).

Mikoll, J. P., Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.