■ In the Matter of the Claim of BERNARD O. STENNETT, JR., Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [594 NYS2d 372] —Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 13, 1991, which ruled that claimant was disquali-

fied from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was initially determined to be eligible to receive unemployment insurance benefits without any disqualifying conditions. The employer objected, contending that claimant should be disqualified because his employment was terminated due to misconduct. Although the initial determination was sustained due to the employer's inability to proceed with the scheduled hearing, the employer was given leave to and did in fact reopen the case.

At the hearing that followed, claimant's supervisor testified that when claimant came to her office to discuss a work-related problem, he became agitated and refused her request to leave and return when he had calmed down. Claimant's supervisor further testified that claimant screamed at her and barred the exit when she attempted to leave her office. The supervisor's account of the incident was corroborated by the employer's office manager, and to the extent that claimant's version of the events differed from that of the employer's witnesses, this merely presented a credibility issue for the Unemployment Insurance Appeal Board to resolve *(see, Matter of Padilla [Sephardic Home for the Aged—Roberts],* 113 AD2d 997). Because there is substantial evidence in the record to support the Board's conclusion that claimant acted in an intimidating and insubordinate manner and that his actions rose to the level of misconduct, its decision denying him benefits must be upheld *(see, Matter of Valentin [American Museum of Natural History—Roberts],* 103 AD2d 919; *Matter of Martin [Catherwood],* 33 AD2d 815, 815-816). Finally, we find no support in the record for claimant's contention that the Administrative Law Judges who heard his case were biased or treated him unfairly *(see, Matter of O'Connor [Howell—Hartnett],* 165 AD2d 946, 948).

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.