■ In the Matter of the Claim of JOSEPH A. KAPELEWSKI, Appellant. HOLIDAY INN, Respondent; COMMISSIONER OF LABOR, Respondent. [713 NYS2d 233] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 10, 1999, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, an executive chef for a hotel, was responsible for ordering food and other restaurant supplies for the hotel. Claimant was discharged from his employment after accepting a trip to the Bahamas from a food purveyor in violation of an unwritten policy of the employer not to accept gifts or gratuities from vendors. The record establishes that the general manager had recently reiterated the unwritten policy against gratuities to claimant and the vendor when the same vendor had offered claimant the use of a computer. The general manager explained that any gifts or gratuities directly or indirectly increased the cost of the products sold to the employer and also created an impression that the employer was obligated to continue to purchase from the vendor. Although the policy was not in writing, the general manager's testimony established that claimant was nevertheless aware of the policy. Under the circumstances

presented here, we find substantial evidence to support the Unemployment Insurance Appeal Board's decision that claimant was terminated due to disqualifying misconduct inasmuch as he disregarded the employer's established policy against accepting gifts from vendors (*see generally*, *Matter of Huggins [Samaritan Med. Ctr.—Commissioner of Labor]*, 257 AD2d 877; *Matter of Schiffke [Hudacs]*, 189 AD2d 949).

Mercure, J. P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.