■ In the Matter of the Claim of JEFFREY C. OSBORNE, Appellant. BROCKPORT AUXILIARY SERVICES, Respondent; COMMISSIONER OF LABOR, Respondent. [957 NYS2d 919]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 9, 2011, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as an assistant manager for a college food service provider. In February 2009, he was counseled by his supervisor about having inappropriate relationships in the workplace. In July 2009, he became involved in a relationship with a student that was working for him. He was issued a written disciplinary warning notice at that time, which stated that the relationship was a clear violation of the standards that he was counseled on in February 2009 and that any further infractions in this regard would result in his termination. Claimant apparently briefly ended the relationship, but, after he began seeing the student again, his employment was terminated. The Unemployment Insurance Appeal Board thereafter denied

claimant's application for unemployment insurance benefits on the basis that he was terminated due to misconduct. Claimant appeals.

We affirm. "A knowing violation of an employer's established policy or reasonable request may constitute disqualifying misconduct, particularly where, as here, the claimant has received prior warnings about similar behavior" (*Matter of Aguasvivas [Commissioner of Labor]*, 98 AD3d 787, 787 [2012] [citations omitted]; *see Matter of Washington [Commissioner of Labor]*, 84 AD3d 1603, 1604 [2011]). Initially, we note that, although the policy in question was not in writing, claimant was clearly aware of the policy as he signed a warning letter affirming his understanding of it in July 2009 (*see Matter of Kapelewski [Holiday Inn—Commissioner of Labor]*, 275 AD2d 855, 855 [2000]). Further, the record supports the Board's rejection of claimant's contention that he was not in violation of the policy regarding employees directly working for him at the time of his termination. Although claimant was transferred to a different dining hall, he was still in the same building as the student and admitted that he could still be required to supervise her at times. Given that substantial evidence supports the Board's decision, it will not be disturbed.

Lahtinen, J.P., Spain, Stein, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.