■ PAUL P. DAVEY, Plaintiff, v WILLIAM F. OHLER, JR., Appellant, and JOSEPH F. CIMINO et al., Respondents.—Yesawich Jr., J. P. Appeal from an order of the Supreme Court (Travers, J.), entered March 6, 1992 in Rensselaer County, which, inter alia, denied defendant William F. Ohler, Jr.'s motion for summary judgment dismissing the complaint and cross claims against him.

Plaintiff, a passenger on a motorcycle owned and operated by defendant William F. Ohler, Jr., sustained injuries when the motorcycle collided with a car owned by defendant Dino Cimino and operated by defendant Joseph F. Cimino (hereinafter Cimino).

At his deposition, Cimino, who at the time of the accident was an employee of the Department of Transportation, testified that after arriving at the road construction site where he was working, he parked the car, facing south, on the west side of State Route 32 in the City of Watervliet, Albany County. Shortly thereafter, he realized that he had to return to the office, started the car and began to make a three-point turn in

the roadway. As the car straddled the double yellow line, perpendicular to the flow of traffic, Ohler's motorcycle, which was moving south, collided with the portion of the car that extended into the northbound lane. Cimino testified that although he looked before proceeding, he did not see the motorcycle before the impact, did not hear brakes screeching or hear a horn. He acknowledged he had been convicted of starting the car in an unsafe manner in violation of Vehicle and Traffic Law § 1162.

According to Ohler, he was within 40 feet of the car when he first saw it; when Cimino pulled directly into his path, he applied the brake and swerved into the northbound lane in an attempt to avoid a collision. Ohler moved for summary judgment dismissing all claims against him and plaintiff, who did not oppose Ohler's motion, moved for summary judgment against the Ciminos. The Ciminos opposed both motions. Supreme Court found questions of fact precluding summary judgment and denied both motions. Ohler appeals.

Ohler maintains that he was confronted with an emergency situation; hence, any error in judgment on his part does not constitute negligence and summary judgment in his favor is therefore dictated. We disagree. In all but the most egregious circumstances, it is for the trier of fact to determine whether a particular situation rises to the level of an emergency, that is, "a sudden and unforeseen occurrence not of the actor's own making" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327; *see, Malatesta v Hopf*, 163 AD2d 651, 653, *affd* 77 NY2d 828). Although performing a three-point turn in such a manner as to completely block a lane of traffic is obviously dangerous and violates the Vehicle and Traffic Law, we cannot say, as a matter of law, that at a construction site such driving is so uncommon as to be unforeseeable. Furthermore, merely encountering an emergency does not completely absolve one from liability; it simply requires that one's conduct be measured against that of a reasonable person confronted with similar circumstances in a similar time frame within which to react (*Ferrer v Harris*, 55 NY2d 285, 293, *amended* 56 NY2d 737). Hence, whether Ohler acted prudently here is also a question for the trier of fact to decide (*Rivera v New York City Tr. Auth., supra,* at 327; *LaForge v All Am. Car Rental,* 155 AD2d 873). Because plaintiff did not oppose Ohler's motion for summary judgment dismissing the complaint against him, that motion should have been granted.

Levine, Crew III, Casey and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by

reversing so much thereof as denied that portion of defendant William F. Ohler, Jr.'s motion seeking summary judgment dismissing the complaint; said motion granted to that extent and summary judgment awarded to defendant William F. Ohler, Jr. dismissing the complaint against him; and, as so modified, affirmed.