■ ROSE M. BAVARO, Appellant, v JOHN MARTEL, Defendant, and EARL W. RUFF, Respondent. (And Another Related Action.) [602 NYS2d 971] —Mikoll, J. Appeal from an order of the Supreme Court (Brown, J.), entered August 13, 1992 in Saratoga County, which granted a motion by defendant Earl W. Ruff for summary judgment dismissing the complaint and all cross claims against him.

This action arises out of a three-car collision between vehicles driven by plaintiff and defendants John Martel and Earl W. Ruff. The accident occurred at the intersection of U.S. Route 9 and Lincoln Avenue in the Town of Moreau, Saratoga County. Plaintiff was stopped facing southbound on Route 9, a two-lane highway, awaiting an opportunity to turn left onto Lincoln Avenue. She was struck from behind by Martel, who was also proceeding south on Route 9. Plaintiff's vehicle was propelled by the impact into the northbound lane of Route 9 and came in contact with Ruff's vehicle, proceeding north on Route 9. Ruff, after seeing the rear-end collision between plaintiff's vehicle and the Martel vehicle, applied his brakes in an attempt to avoid plaintiff's vehicle. Ruff claimed that he stopped just before the intersection and that plaintiff's car struck his vehicle. Following pretrial discovery, Ruff moved for summary judgment dismissing the complaint and all cross-claims against him. The motion was granted and plaintiff appeals.

Ruff's evidence established prima facie a complete defense to plaintiff's action, that is, that plaintiff's vehicle unexpectedly careened into Ruff's lane where he was legally operating his vehicle and he was unable to avoid the collision *(see, Eisenbach v Rogers,* 158 AD2d 792, *appeal dismissed* 76 NY2d 983). Plaintiff was obligated to submit evidence in admissible form to create an issue of fact as to Ruff's negligence in

contributing to the happening of the accident. Plaintiff's opposition to summary judgment is based on the opinions of an accident reconstruction expert who opined that Ruff was not at a standstill when the collision occurred between his car and plaintiff's car and that, if he were more attentive, he might have been able to avoid the impact between plaintiff's car and his vehicle.

We find such speculation insufficient to defeat Ruff's motion for summary judgment. The accident was not caused by any act of Ruff. Such conclusory assertions are not enough to defeat a motion for summary judgment *(Mayer v McBrunigan Constr. Corp.,* 105 AD2d 774, *lv denied* 65 NY2d 606). Ruff was presented with an emergency situation caused by the impact of the other two vehicles, and, his actions being reasonable, no cause of action in negligence was made out against him.

Weiss, P. J., Yesawich Jr., Crew III and White, JJ., concur. Ordered that the order is affirmed, with costs.