◼ BENNETT A. WHITE, Appellant, v JOHN LA FRANCE et al., Respondents. [610 NYS2d 392] —Mikoll, J. P. Appeal from an order of the Supreme Court (Plumadore, J.), entered May 6, 1993 in Franklin County, which, *inter alia,* granted a motion by defendant Frank Cook for summary judgment dismissing the complaint against him.

This litigation has its origin in an automobile accident in which a vehicle owned by defendant Brenda La France and driven by her son, defendant John La France, who was 15 years old at the time and not a licensed driver, collided with a vehicle owned and operated by defendant Frank Cook. Plaintiff, a passenger in the La France vehicle, brought this action to recover for injuries sustained as a result of the collision which occurred when the La France vehicle crossed the center of the highway into the path of the Cook vehicle. After issue was joined and all parties deposed, Cook moved for summary judgment on the issue of liability, arguing that John La France's negligent operation of his mother's car was the sole cause of the accident. Plaintiff opposed the motion, as did

John La France and Brenda La France; Supreme Court granted Cook's motion and also dismissed the complaint against Brenda La France, on the ground that she had not given her son permission to use the car. Plaintiff appeals.

Cook, in support of his motion for summary judgment, provided his own pretrial testimony, as well as that of John La France and plaintiff. The essential facts of the accident are not controverted by these witnesses. John La France was proceeding north on St. Regis Road in the Town of Bombay, Franklin County, at 8:25 P.M. on January 6, 1987 on a snowy, slippery and dark night, driving at 50 miles per hour. Within seconds of the accident he was warned by plaintiff, his passenger, to slow down. After looking down to flick away his cigarette ashes, John La France lost control of the vehicle, which began to fishtail, and he crossed into the opposing lane, colliding with Cook's vehicle. Cook's testimony indicated that he first viewed the La France vehicle when it was 200 feet away and, noting its swaying motion, he applied his brakes, thereby reducing his speed from 20 miles per hour to 10 miles per hour before being hit by the La France vehicle, the speed of which had not abated. Approximately four seconds elapsed from the time the La France vehicle came into view and the moment of impact.

Cook has raised a prima facie defense to plaintiff's negligence action against him, i.e., that the accident was caused solely by La France who, driving at an excessive speed and without regard to the slippery road conditions, lost control of his vehicle and careened into Cook's lane, where Cook was legally operating his vehicle and was unable to avoid the collision despite reducing his speed (see, Cohen v Masten, 203 AD2d 774 [decided herewith]; Eisenbach v Rogers, 158 AD2d 792, lv dismissed 76 NY2d 983, lv denied 79 NY2d 752). Plaintiff was obligated to submit evidence, in admissible form, to create an issue of fact as to Cook's negligence in contributing to the accident. None was provided. Mere speculation that Cook might have executed some other maneuver to avoid John La France's entry into his lane of traffic is totally inadequate to raise a question of fact. Supreme Court therefore correctly awarded summary judgment to Cook.

Inasmuch as none of the parties moved for summary judgment on the question of whether John La France had permission to operate his parent's vehicle and the derivative liability arising therefrom, it was, however, error for Supreme Court to grant summary judgment in favor of Brenda La France on this issue (see, Marshall v New York City Health & Hosps.

*Corp.,* 186 AD2d 542, 543-544; *Conroy v Swartout,* 135 AD2d 945, 947). Moreover, it does not appear from the record that either plaintiff or Cook (who has a companion case in which he is the plaintiff) was made aware that Supreme Court intended to entertain this request—which, parenthetically, was raised for the first time in the answering affidavit of Brenda La France's counsel wherein he asked the court to "consider" granting summary judgment in her favor—and that a response was expected *(see, Fox Wander W. Neighborhood Assn. v Luther Forest Community Assn.,* 178 AD2d 871, 872).

Mercure and White, JJ., concur.

Yesawich Jr., J. (concurring in part and dissenting in part). While we agree with the majority's conclusion that summary judgment was improperly granted in favor of defendant Brenda La France, we are also of the opinion that questions of fact preclude summary judgment with regard to defendant Frank Cook. Accordingly, we would reinstate the complaint against all defendants.

Although Cook may well have been confronted by an emergency situation when the northbound vehicle driven by defendant John La France crossed over into the southbound lane, the question of whether a party has responded reasonably to such a situation should ordinarily be left to the jury *(see, Ferrer v Harris,* 55 NY2d 285, 292-293; *Davey v Ohler,* 188 AD2d 726, 727; *Ayotte v Gervasio,* 186 AD2d 963, 964, *affd* 81 NY2d 1062). Only when an accident happens so quickly as to effectively present no opportunity for prevention *(compare, Roman v Vargas,* 182 AD2d 543, 544, *with Gaeta v Morgan,* 178 AD2d 732, 734), or when no evidence has been tendered from which it can be inferred that some evasive action could have been taken but was not *(compare, Bavaro v Martel,* 197 AD2d 813), is it appropriate to remove the question of negligence from the fact finder.

Notably, in this case, Cook's deposition testimony establishes that the vehicles were 200 feet apart when he first saw the La France vehicle swaying and fishtailing, that they were still approximately 100 feet apart when it crossed the road into his lane, and that he was traveling at a speed of between 10 and 20 miles per hour. Although he applied the brakes, Cook admits that he did not attempt to steer off the road or out of the way. Given these circumstances, it would not necessarily be irrational for a trier of fact to decide that a reasonable person would have acted differently in light of the situation confronting him or her *(see, Woolley v Coppola,* 179

AD2d 991, 992). Moreover, in view of the snowy weather and slippery road conditions, a fact finder might conclude that the possibility of a driver losing control and slipping across the road was not wholly unforeseeable (see, Davey v Ohler, supra, at 727).

Crew III, J., concurs. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the complaint against defendant Brenda La France, and, as so modified, affirmed.