■ FRANCES E. STEVENSON, as Administratrix of the Estate of JAMES B. STEVENSON, Deceased, Respondent, v JOHN E. RECORE, JR., et al., Appellants. [633 NYS2d 863] —White, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered July 22, 1994 in Clinton County, which denied defendants' motion for summary judgment dismissing the complaint.

The issue on appeal in this action for conscious pain and suffering and wrongful death is whether defendant John E. Recore, Jr. (hereinafter defendant) established, as a matter of law, his freedom from negligence under the emergency doctrine. For the following reasons, we conclude that he did not and, accordingly, affirm Supreme Court's denial of his motion for summary judgment.

The undisputed facts are that on July 15, 1993 at about 5:15 P.M., defendant was driving his vehicle in the southbound lane of State Route 22 in the Town of Plattsburgh, Clinton County. As he rounded a curve, he noticed a large object lying in his lane of traffic which, as he got closer, he realized was a football-sized rock. Apparently, because of oncoming traffic and a car parked on the shoulder of the southbound lane, defendant elected to drive over the rock. As he did so, he heard a thud but was able to proceed, eventually arriving at his destination. Unfortunately, after the rock hit the undercarriage of defendant's vehicle, it become airborne, struck the hood of decedent's northbound vehicle, and crashed through the windshield striking decedent in the head and inflicting fatal injuries.

We do not concur with defendant's contention that these facts demonstrate, as a matter of law, that he was confronted with an emergency since it is not uncommon for motorists to encounter debris or other hazards in the roadway. Except in the most egregious circumstances, it is normally left to the trier of fact to determine if a particular situation rises to the level of an emergency, and in this case a question arises as to whether defendant should have anticipated and been prepared

to deal with the situation confronting him (*see, Tyson v Brecher*, 212 AD2d 851; *Pincus v Cohen*, 198 AD2d 405, 406; *Davey v Ohler*, 188 AD2d 726, 727). Since there are indications in the record that defendant had ample opportunity to observe the rock before striking it, and given the absence of evidence showing that he could not have stopped or driven carefully around the rock, whether defendant acted as a reasonable person would present a factual issue to be resolved by a jury (*see, Davey v Ohler, supra; Woolley v Coppola*, 179 AD2d 991, 992). Clearly, in view of these issues, summary judgment in defendant's favor was not warranted.

Mikoll, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.