■ Susan Peck et al., Appellants, v Steven K. Dygon et al., Appellants, and Jan H. Duffalo, Respondent, et al., Defendants. [636 NYS2d 940] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Keniry, J.), entered January 3, 1995 in

Saratoga County, which granted defendant Jan H. Duffalo's motion for summary judgment dismissing the complaint and all cross claims against him.

During the afternoon rush hour on April 1, 1991, defendant Jan H. Duffalo was driving east on State Route 7 in the Town of Colonie, Albany County. Route 7 had four lanes, two in each direction; Duffalo was proceeding in the right-hand eastbound lane. Defendant Alexislee Novak, the holder of a recently issued learner's permit, was operating a vehicle in the left eastbound lane; she was not accompanied by a licensed driver in the front seat. Novak's view to the right and rear was obscured by her passengers. When the vehicle ahead of her slowed, apparently intending to turn left, Novak inquired of her passengers whether the right lane was clear and, believing that they had indicated it was, began to enter the right lane, whereupon the right front of her vehicle struck the left front of Duffalo's vehicle. Duffalo, whose vehicle proceeded onto the curb after the impact, pulled his car completely off the highway, and brought it to a stop. Novak halted her vehicle in the roadway, partially or entirely in the right-hand eastbound lane.

Plaintiff Susan Peck, who had been traveling behind Duffalo, saw him leave the roadway and applied her brakes, bringing her vehicle to a stop a few feet behind Novak's. The Peck vehicle was then struck from behind by a vehicle operated by defendant Steven K. Dygon.

This suit by Peck and her husband, to recover for injuries Peck allegedly sustained in the collision, ensued. After issue was joined and discovery completed, Duffalo moved for summary judgment. Finding that Duffalo's conduct did not deviate from that expected of a prudent and careful driver, Supreme Court granted the motion and dismissed the complaint and all cross claims against Duffalo. This appeal followed.

We affirm. Duffalo established that Novak's negligence was the sole cause of the collision with his vehicle (*see, Forbes v Plume*, 202 AD2d 821). There is no evidence of fault or culpable conduct on Duffalo's part, and nothing to support plaintiff's assertion that Duffalo should have been aware that Novak (who subsequently pleaded guilty to unlicensed operation and changing lanes unsafely) would cross into the traffic lane occupied by his vehicle (*see, McGraw v Ranieri*, 202 AD2d 725, 727). Indeed, it was reasonable for Duffalo to assume, once his vehicle had been noticed by Novak's passenger—who made eye contact with Duffalo just before Novak began to change lanes—that Novak would have been alerted (as the passenger

later attested she was) to the presence of Duffalo's car, and would not attempt to change lanes at that time. It was Novak's failure to see Duffalo, who had the clear right-of-way, and her subsequent unsafe lane switch that caused the initial collision (*see, Lester v Jolicofur*, 120 AD2d 574, 574-575). Speculation that Duffalo may have contributed to Peck's accident by failing to anticipate that Novak might improperly switch lanes, and by failing to take preemptive evasive action, is insufficient to raise an issue of fact and to defeat the motion (*see, Fuller v Blackbird*, 211 AD2d 886; *White v La France*, 203 AD2d 765, *lv dismissed* 84 NY2d 977; *Bavaro v Martel*, 197 AD2d 813, 813-814).

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.