■ KARYN L. DAVIS, Individually and as Administrator of the Estate of PAMELA S. DAVIS, Deceased, Respondent-Appellant, v THERESA A. PIMM, Respondent, and JERE R. HAIGHT, Appellant-Respondent. [644 NYS2d 401] —Cardona, P. J.

This litigation arises out of a two-car collision between vehicles driven by defendant Theresa A. Pimm and defendant Jere R. Haight. The accident occurred on December 24, 1991 on McLean Road, a two-lane road in the Town of Cortlandville, Cortland County. Haight was driving in the eastbound lane and Pimm was driving in the westbound lane. As Pimm was approaching a curve in the road, her auto swerved into the eastbound lane. In an attempt to avoid a collision with Pimm's vehicle, Haight veered his auto out of the eastbound lane and into the westbound lane. Pimm, however, then corrected her path and turned back into the westbound lane. As a result, the two vehicles collided. Pamela Davis was a passenger in Haight's vehicle and died as a result of the accident.

Plaintiff, individually and as Davis' administrator, commenced this negligence action against Haight and Pimm. Following pretrial discovery, Haight moved for summary judgment dismissing the complaint and all cross claims against him on the ground that he was confronted with an emergency not of his own making and was, therefore, not negligent as a matter of law. While Supreme Court agreed with Haight's contention that he was faced with an emergency situation, it determined that there were questions of fact as to whether Haight's response to that situation was reasonable. Accordingly, Haight's motion was denied. Both plaintiff and Haight appeal.

We turn first to plaintiff's contention that Supreme Court erred in determining that, as a matter of law, Haight was

confronted with an emergency situation. Plaintiff argues that triable issues of fact exist with respect to this issue. We disagree. During his deposition, Haight testified that, while driving in the eastbound lane, he noticed Pimm's auto coming around a curve and drifting from the westbound lane over the double yellow line into the eastbound lane. According to Haight, to avoid a collision he steered his auto into the westbound lane, the lane in which Pimm should have been traveling. At the "very last minute", however, Pimm corrected the path of her vehicle and swerved back into the westbound lane, and the two cars collided. Pimm's deposition testimony supports Haight's version of the events. She testified that, while she was headed westbound on McLean Road, she took her eyes off the road for a "split second" to view a map on her front passenger seat. When she looked up again, she noticed that she had crossed the double yellow line and was headed into the lane of oncoming traffic. According to Pimm, she immediately corrected the path of her car and the collision occurred. She never saw Haight's auto heading toward her and, thus, never took action to avoid it.

Haight's and Pimm's deposition testimony is consistent with the statements made by both to the police immediately after the accident. The police report determined that Pimm had drifted into the eastbound lane, that Haight tried to avoid her by driving into the westbound lane and that the collision occurred when Pimm corrected her path. Given this evidence, we concur with Supreme Court's conclusion that Haight demonstrated, as a matter of law, that he was confronted with an emergency situation (see, *Ruotolo v Ambu-Wagon, Inc.*, 206 AD2d 416; *Rivas v Metropolitan Suburban Bus Auth.*, 203 AD2d 349, 350; *Bavaro v Martel*, 197 AD2d 813), that is, a "sudden and unforeseen occurrence not of [his] own making" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327). "A driver in his proper lane of travel is not required to anticipate that a car going in the opposite direction will cross over into that lane" (*Gouchie v Gill*, 198 AD2d 862; compare, *Stevenson v Recore*, 221 AD2d 834; *Tyson v Brecher*, 212 AD2d 851). Plaintiff and Pimm were obligated to submit evidence to create an issue of fact precluding summary judgment (see, *Zuckerman v City of New York*, 49 NY2d 557, 562). Their submissions, however, fail to dispute the evidence that Pimm's auto drifted into Haight's lane, causing him to take action to avoid a collision. Thus, they failed to establish that a triable issue of fact existed with regard to whether an emergency situation existed in order to preclude summary judgment.

We now turn to Haight's claim that Supreme Court improp-

erly ruled that a jury should decide whether he responded reasonably to the emergency. Even where an emergency is found to exist, that does not automatically absolve one from liability; a party may still be found negligent if the acts in response to the emergency are found to be unreasonable (*see, Ferrer v Harris*, 55 NY2d 285, 293, *amended* 56 NY2d 737; *Davey v Ohler*, 188 AD2d 726). Normally, whether a party acted prudently is a question for the trier of fact to decide (*see, e.g., Rivera v New York City Tr. Auth., supra*, at 327).

In the instant case, however, we find that Haight presented sufficient evidence to establish a complete defense to plaintiff's action (*see, White v La France*, 203 AD2d 765, *lv dismissed* 84 NY2d 977; *Gouchie v Gill, supra*). Haight stated that when he first saw Pimm's vehicle, it was 100 to 200 feet away and that he was traveling at approximately 50 to 55 miles per hour. He testified that he first took his foot off the gas, then touched the brakes once and veered into the westbound lane to try to avoid a collision. According to Haight, to his right was a telephone pole, a culvert, a driveway and some woods. He stated that the total time that elapsed from the time he first saw Pimm's auto to the time of impact was two to three seconds. Pimm's testimony is consistent with Haight's testimony. She testified that she only looked down at the map for a second and that when she looked up again she was over the double yellow line. She stated that she "immediately" corrected her path and then "heard a crash".

Under the emergency circumstances presented, Haight was "not obligated to exercise [his] best judgment and any error in [his] judgment was not sufficient to constitute negligence" (*Moller v Lieber*, 156 AD2d 434, 435). Given Haight's evidence, it was incumbent upon plaintiff and Pimm to raise an issue of fact as to Haight's negligence in contributing to the happening of the accident (*see, Gouchie v Gill*, 198 AD2d 862, *supra*). Pimm contends that Haight had substantially more than two to three seconds from the time he first recognized the potential for an accident and his decision to steer into the westbound lane. To support this contention, Pimm submitted an affidavit of her attorney that concludes that Haight had at least eight seconds to respond to the situation. We find this affidavit unavailing. We note that it is by Pimm's attorney and not an expert and also relies only on a magazine article to arrive at its calculations. To the extent that the affidavit uses such figures, in our view it is pure speculation (*see, Bavaro v Martel*, 197 AD2d 813, *supra; see also, Gardner v Ethier*, 173 AD2d 1002, 1003-1004). Other than this affidavit, there is nothing in

the record to refute Haight's estimation of the time he had to react to this emergency situation (*cf.*, *Gaeta v Morgan*, 178 AD2d 732). To the extent that plaintiff and Pimm contend that Haight may have executed some other maneuver to avoid the collision, that is also mere speculation (*see*, *White v La France*, 203 AD2d 765, *supra*).

Pimm further argues, based on an expert's conclusions, that certain medication that Haight admitted he took on the day of the accident could cause severe side effects, including dizziness and impaired judgment. The expert's conclusions were not based on any examination of Haight or his medical history. Opinion evidence must be based upon facts in the record or personally known to the witness (*see*, *Tucker v Elimelech*, 184 AD2d 636). Thus, inasmuch as this expert's conclusions lacked foundation in the record and were highly speculative, his affidavit failed to raise questions of fact so as to preclude summary judgment in Haight's favor. Supreme Court, therefore, should have granted Haight's motion for summary judgment.

Mikoll, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant Jere R. Haight, and complaint and cross claims against said defendant dismissed.