■ JONATHAN M. SMITH et al., Appellants, v MARK E. BRENNAN et al., Defendants, and ROBERT E. CHANDLER et al., Respondents. (And a Third-Party Action.) [664 NYS2d 687] —Mercure, J. P. Appeal from that part of an order of the Supreme Court (Cobb, J.), entered October 31, 1996 in Columbia County, which granted a cross motion by defendants Robert E. Chandler and PM AG Products, Inc. for summary judgment dismissing the complaint and all cross claims against them.

The record shows that the June 1, 1993 vehicular collision underlying this action took place in the following manner. Plaintiffs' vehicle was the third of three vehicles that were stopped in the southbound lane of State Route 9H, a two-lane highway in the Town of Ghent, Columbia County, preparing to turn left onto County Route 22. The first two vehicles completed their turns and, while stationary, plaintiffs' car was struck from the rear by a vehicle operated by defendant Mark E. Brennan. The impact drove plaintiffs' vehicle into the northbound lane, where it was struck a second time by an oncoming tractor trailer operated by defendant Robert E. Chandler and owned by defendant PM AG Products, Inc. (hereinafter collectively referred to as defendants). Plaintiffs sustained serious physical injuries in the collision and commenced this action against, among others, Brennan and defendants. Plaintiffs presently appeal from an order of Supreme Court granting partial summary judgment dismissing the complaint against defendants upon the ground that Brennan's negligence was the sole proximate cause of the accident, that the impact driving

plaintiffs' vehicle into Chandler's path was unforeseeable as a matter of law and that defendants were absolved of culpability under *Bavaro v Martel* (197 AD2d 813) and other cases applying the emergency doctrine to lane "cross-over" accidents.

Plaintiffs primarily contend that deposition testimony and affidavits submitted by an accident analyst established that Chandler was speeding prior to the accident and that the collision between Chandler's vehicle and plaintiffs' vehicle could have been avoided had Chandler's reaction time not been delayed. We conclude, however, that Supreme Court properly determined as a matter of law that, because Chandler was faced with an emergency not of his own creation and reacted reasonably to that emergency, there was no basis for a finding of liability against defendants.

Fundamentally, an emergency situation is considered a sudden and unforeseen occurrence not of one's own making (*see, Davis v Pimm*, 228 AD2d 885, 886, *lv denied* 88 NY2d 815). " 'A driver in his [or her] proper lane of travel is not required to anticipate that a car going in the opposite direction will cross over into that lane [citations omitted]' " (*id.*, at 886, quoting *Gouchie v Gill*, 198 AD2d 862). If a driver's reaction to an emergency situation is found to have been unreasonable, the driver may still be found liable for the resulting accident (*see, Davis v Pimm*, *supra*, at 886-887). Generally, whether a driver acted reasonably in the face of an emergency situation is a question to be decided by the trier of fact (*see, id.*, at 887). Summary resolution is possible, however, when the driver presents sufficient evidence to establish the reasonableness of his or her actions and there is no opposing evidentiary showing sufficient to raise a legitimate question of fact on the issue (*see, id.*, at 887-888; *see also, Lamica v Shatlaw*, 235 AD2d 809; *Tiberi v Barkley*, 226 AD2d 1005).

Here, defendants supported their summary judgment motion with a persuasive showing that Chandler had no reasonable means of avoiding the accident. Chandler testified that he was traveling at less than 50 miles per hour when he first saw plaintiffs' vehicle, that he saw Brennan's vehicle within "an instant" thereafter and that by the time he saw the initial impact, he already had his foot on the brake. Accident reconstructionist Douglas Brown viewed the accident scene and available photographs, statements and other documentation, and concluded that Chandler was traveling between 49 miles per hour and 54 miles per hour before applying his brakes and between 38 miles per hour and 41 miles per hour at the time of the collision with plaintiffs' car. Brown also concluded that

Chandler's reaction times were reasonable in light of the distances and speeds involved.

In opposition to the motion, plaintiffs offered the affidavits of accident analyst James Sobek, setting forth the results of his investigation, as well as his conclusion that Chandler's collision with plaintiffs' vehicle was avoidable because Chandler should have "consider[ed] the visual cues of increasing danger that [were] presented to him during the 10 or so seconds immediately preceding Brennan's collision into [plaintiffs'] stopped * * * vehicle". We agree with Supreme Court, however, that Sobek's analysis was fatally flawed. First, his inconsistent estimates supported no specific finding regarding Chandler's prebraking speed. Even more damaging, Sobek's scenario required that Chandler begin braking when he saw the first vehicle turn left off of Route 9H, anticipating not only that Brennan would drive into plaintiffs' vehicle but also that the impact would push plaintiffs' vehicle into his path. As earlier noted, the law presumes no such prescience and imposes no such duty (*see, Davis v Pimm*, 228 AD2d 885, 886, *supra*; *see also, Lamica v Shatlaw*, 235 AD2d 809, *supra*; *Tiberi v Barkley*, 226 AD2d 1005, *supra*).

In view of the foregoing, we agree with Supreme Court that defendants were entitled to an award of summary judgment dismissing the complaint against them.

Crew III, White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.