■ BRENDA A. BURCH et al., Respondents, v VITO AMATO et al., Appellants. [682 NYS2d 722] —Crew III, J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered August 29, 1997 in Warren County, which, *inter alia*, granted plaintiffs' motion for summary judgment on the issue of liability, and (2) from an order of said court, entered June 5, 1998 in Warren County, which, *inter alia*, upon reconsideration, granted plaintiffs' cross motion for renewal.

On June 28, 1993, plaintiff Brenda A. Burch (hereinafter Burch) allegedly sustained serious injuries when the car in which she was riding collided with a vehicle owned by either defendant Oma Pizza or defendant Oma Pizza, Inc. and operated by defendant Vito Amato. At the time of the accident, the Burch vehicle, which was being operated by Burch's spouse, plaintiff Daniel C. Burch, was traveling northbound on US Route 9 in the Town of Greenfield, Saratoga County, when Amato, who was traveling southbound, crossed the centerline and struck the Burch vehicle head on. According to Amato, a white Monte Carlo automobile, which was stopped on the shoulder of the southbound lane of travel, suddenly pulled into his path, thereby forcing him to swerve into the northbound lane.

Burch and her spouse, derivatively, thereafter commenced a personal injury action against Amato and, subsequently,

brought a separate but similar action against Amato's employer as the owner of the vehicle. Both actions were consolidated and, following joinder of issue and discovery, plaintiffs moved for, *inter alia*, partial summary judgment on the issue of liability and the production of witness statements. Plaintiffs also cross-moved for summary judgment dismissing the counterclaim asserted against Burch's spouse, and defendants cross-moved for summary judgment dismissing the complaint in its entirety. By order entered August 29, 1997, Supreme Court granted Burch partial summary judgment on the issue of liability and dismissed defendants' counterclaim against her spouse; the balance of the relief requested by the respective parties was denied.

Thereafter, in December 1997, examinations before trial were conducted of John Munter and Saratoga County Deputy Sheriff Robert Jones, both of whom were witnesses to the accident. Defendants thereafter moved to renew seeking denial of plaintiffs' motion for partial summary judgment, and plaintiffs cross-moved to renew seeking to have their motion for summary judgment granted in its entirety. By order entered June 5, 1998, Supreme Court denied defendants' motion and granted plaintiffs' cross motion. These appeals by defendants ensued.

Initially, we reject defendants' assertion that Supreme Court erred with respect to its disposition of the parties' respective motions to renew. We do, however, find merit to defendants' contention that Supreme Court erred in granting plaintiffs' initial motion for partial summary judgment on the issue of liability as to Burch and, upon renewal, erred in granting such motion in its entirety.

In opposition to both motions, defendants took the position that Amato was confronted with an emergency situation not of his own making and, as he had acted reasonably under the then prevailing circumstances, no liability should attach. In this regard, it is well settled that "[i]n all but the most egregious circumstances, it is for the trier of fact to determine whether a particular situation rises to the level of an emergency, that is, 'a sudden and unforeseen occurrence not of the actor's own making' " (*Davey v Ohler*, 188 AD2d 726, 727, quoting *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327; *see, Stevenson v Recore*, 221 AD2d 834). Moreover, "[e]ven where an emergency is found to exist, that does not automatically absolve one from liability; a party may still be found negligent if the acts in response to the emergency are found to be unreasonable" (*Davis v Pimm*, 228 AD2d 885, 887, *lv denied* 88 NY2d 815). Traditionally, whether a party has acted prudently

in a given situation also represents a question for the trier of fact to resolve (*see, Smith v Brennan*, 245 AD2d 596, 597; *Davis v Pimm, supra*, at 887; *Davey v Ohler, supra*, at 727). Here, based upon our review of the record as a whole, including Amato's affidavit and examination before trial testimony, the accident report completed by Jones and, upon plaintiffs' motion to renew, Munter's statement, we are persuaded that a question of fact exists as to whether Amato was confronted with an emergency not of his own making and, to the extent that he was, whether he acted reasonably under the circumstances. Accordingly, plaintiffs are not entitled to summary judgment.

Mikoll, J. P., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the order entered August 29, 1997 is modified, on the law, without costs, by reversing so much thereof as granted partial summary judgment on the issue of liability to plaintiff Brenda A. Burch; said motion denied; and, as so modified, affirmed. Ordered that the order entered June 5, 1998 is modified, on the law, without costs, by reversing so much thereof as granted summary judgment in favor of plaintiffs; said motion denied; and, as so modified, affirmed.