■ In the Matter of the Claim of MICHAEL N. WACH, Appellant. COMMISSIONER OF LABOR, Respondent. [690 NYS2d 319] —Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed July 1, 1998, which, upon reconsideration, adhered to its prior decision ruling that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed, and (2) from a decision of said Board, filed August 25, 1998, which denied claimant's application to reopen the previous decision denying his application for unemployment insurance benefits.

Claimant owns and operates a seasonal lawncare business from his home which he operated each year from mid-April through the beginning of November. The business was incorporated as a subchapter S corporation. Claimant carried business cards and obtained customers through word-of-mouth and advertising. Claimant also worked on-call for two companies as a truck driver. When this employment ceased, claimant applied for unemployment insurance benefits. Substantial evidence supports the Unemployment Insurance Appeal Board's ruling that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed. "This [c]ourt has held that a claimant who owns an active business is not totally unemployed, even if the business in question has produced no income, is in a seasonal lull or is not in full operation during the relevant period" (*Matter of Kelly [Commissioner of Labor]*, 250 AD2d 918; *see, Matter of Monro [Sweeney]*, 235 AD2d 885, 886). Notwithstanding the fact that claimant's lawncare activities generated relatively little income (*see, Matter of De Laurentis [Commissioner of Labor]*, 253 AD2d 958, 959, *lv denied* 92 NY2d 817), he admitted that he derived a tax benefit from the business and planned to eventually develop it as a full-time concern. Thus, the record supports the Board's conclusion that claimant, in his capacity as president and sole shareholder, stood to gain financially from the continuing operation of the corporation (*see, Matter of Palmer [Commissioner of Labor]*, 252 AD2d 631). Finally, we find no evidence that the Board abused its discretion in denying claimant's

application for reconsideration of its decision (*see, Matter of Van Bergen [Commissioner of Labor]*, 258 AD2d 705).

Cardona, P. J., Mikoll, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the decisions are affirmed, without costs.