■ KATHLEEN COOKINGHAM, Individually and as Executor of DENNIS COOKINGHAM, Deceased, Respondent, v STEVEN R. SPAKOWSKI et al., Appellants. [736 NYS2d 146] —Peters, J. Appeal from an order of the Supreme Court (Teresi, J.), entered

---

June 20, 2001 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

On February 24, 1999, defendant Steven R. Spakowski (hereinafter defendant), operating a tractor-trailer owned by defendant Kevin Ryman, Inc., was traveling westbound in the left lane of Interstate Route 90 in the City of Albany. As he crested a hill, he observed an accident in the eastbound lane. Immediately thereafter, a car traveling ahead of him swerved to avoid hitting decedent who was walking alongside of his car which was parked on the right shoulder of the westbound lanes. At that time, decedent was approximately two tenths to three tenths of a mile away from defendant's vehicle which was traveling at an estimated speed of 50 to 55 miles per hour. Thereafter, defendant observed decedent walk into the middle of the highway toward the eastbound lanes. Unsure of whether he was going to continue walking across the highway, defendant realized that he needed to take corrective measures. Contending that he was unable to move into the right-hand lane due to the presence of other vehicles or use the left shoulder since a car was already parked there, defendant swerved to avoid hitting decedent. He believed that he was successful because the front of his truck did not strike decedent; unfortunately, the rear of the trailer struck and killed him. Plaintiff, decedent's wife, commenced this action individually and on behalf of decedent's estate for wrongful death. Following joinder of issue, defendants moved for summary judgment contending that the action should be dismissed based upon the emergency doctrine. Supreme Court denied the motion, prompting this appeal.

Upon our review, we cannot conclude that defendants' proffer warranted a determination, as a matter of law, that they were free from negligence. It is well settled that, "[e]xcept in the most egregious circumstances, [such determination] is normally left to the trier of fact to determine if a particular situation rises to the level of an emergency, and * * * whether defendant should have anticipated and been prepared to deal with the situation confronting him" (*Stevenson v Recore*, 221 AD2d 834, 834-835).

While we agree that defendants met their initial burden of establishing the existence of an emergency situation to which defendant responded reasonably under the circumstances (*see, Ferrer v Harris*, 55 NY2d 285, 292-293; *Zuckerman v City of New York*, 49 NY2d 557, 562), plaintiff's proffer created a triable issue of fact which could preclude the application of the emergency doctrine (*see, Stevenson v Recore, supra*, at 835).

The affidavit of Alvin Bryski, an accident reconstructionist, averred that physical evidence culled from the scene, along with an inspection of defendant's vehicle and, inter alia, various witness statements, supported a finding that defendant had sufficient time from the point at which he first noticed decedent to either slow down or take corrective measures. With the further submission of a confirmatory affidavit from an eyewitness who was also traveling west on the date of the accident, the issue of whether defendant acted as a reasonable person under the circumstances remains a factual determination to be resolved at trial (*see, King v Washburn*, 273 AD2d 725, 726; *Stevenson v Recore, supra; Gaeta v Morgan*, 178 AD2d 732, 734).

Crew III, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.