■ BARBARA M. McGRAW, Appellant, v TIMOTHY S. GLOWACKI et al., Defendants, and WALTER F. MARTENS, Respondent. [758 NYS2d 224] —Appeal from an order of Supreme Court, Onondaga County (Murphy, J.), entered April 16, 2002, which granted the motion of defendant Walter F. Martens for summary judgment dismissing the complaint and cross claim against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint and cross claim against defendant Walter F. Martens are reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when the motorcycle on which she was a passenger collided with a vehicle driven by defendant Timothy S. Glowacki. Glowacki's vehicle was entering the roadway from a parking lot when it collided with the motorcycle, which was operated by defendant Walter F. Martens. Martens moved for summary judgment dismissing the complaint and cross claim against him based on the emergency doctrine, and Supreme Court granted the motion. That was error.

An emergency situation is a sudden and unforeseen occurrence not of a party's own making (see Davis v Pimm, 228 AD2d 885, 886 [1996], lv denied 88 NY2d 815 [1996]). Even if an emergency situation is found to exist, however, a party may nevertheless be found negligent if "the acts in response to the emergency are found to be unreasonable" (id. at 887; see Ferrer v Harris, 55 NY2d 285, 293 [1982], mot to amend remittitur granted 56 NY2d 737 [1982]). The emergency doctrine insulates a driver from liability only if it is "conclusively established that there was simply an insufficient amount of time to react to the emergency and take indicated evasive action to avoid the collision" (Lucksinger v M.T. Unloading Servs., 280 AD2d 741, 742 [2001]). "If, under some reasonable view of the evidence, an actor was confronted by a sudden and unforeseen occurrence not of the actor's own making, then the reasonableness of the conduct in the face of the emergency is for the jury" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991], rearg denied 77 NY2d 990 [1991]; see also Davis, 228 AD2d at 887). Summary judgment may be appropriate, however, "when the driver presents sufficient evidence to establish the reasonableness of his or her actions and there is no opposing evidentiary showing sufficient to raise a legitimate question of fact on the issue" (Smith v Brennan, 245 AD2d 596, 597 [1997]). We further note that it is well settled that a driver with the right of way is entitled to anticipate that other vehicles will obey the traffic laws that require them to yield (see Lucksinger, 280 AD2d at 742).

Here, Martens testified at his deposition that he was not aware that Glowacki's vehicle was in the roadway prior to the collision and he therefore was unable to take any evasive action. Glowacki testified at his deposition that the bright sun "affect[ed his] clear view [of the highway]" and that a passenger in his vehicle had alerted him to the approaching motorcycle by yelling "motorcycle!" He further testified that there was "less than a second" or "two seconds" between that

warning and the collision. In addition, Glowacki testified that he was blocking only one quarter of the left-most portion of the lane in which Martens was traveling and that he was stopped in the roadway at the time of the collision. He testified that there was heavy traffic in the area at the time of the collision and that traffic was proceeding under the speed limit.

The record establishes that there are issues of fact concerning the applicability of the emergency doctrine and whether Martens is relieved of liability based on that doctrine (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Specifically, there are issues of fact concerning the amount of time Martens had in which to react to Glowacki's vehicle in the roadway, whether it can be said that Martens was exercising reasonable care in operating his motorcycle despite his failure to see Glowacki's vehicle enter the roadway, and whether the position of Glowacki's vehicle when stopped on the roadway provided sufficient space for Martens to have traveled through the area without colliding with Glowacki's vehicle. Present—Green, J.P., Hurlbutt, Burns, Gorski and Hayes, JJ.