■ In the Matter of the Claim of JEAN MERCURE, Appellant. COMMISSIONER OF LABOR, Respondent. [810 NYS2d 570]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 20, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant lost his employment as an account representative due to disqualifying misconduct. The record establishes that instead of complying with his supervisor's request to take his turn covering the reception desk during lunch, claimant replied "I can't," without any further explanation. It is well settled that failure to comply with a reasonable request of an employer can constitute disqualifying misconduct (*see Matter of Hart [Commissioner of Labor]*, 275 AD2d 832, 832 [2000]; *Matter of Marcano [Commissioner of Labor]*, 271 AD2d 795, 796 [2000]), particularly where, as here, claimant previously had been warned about insubordinate behavior and was aware that his job was in jeopardy (*see Matter of Goodrich [Raymond Corp.—Commissioner of Labor]*, 301 AD2d 720, 720 [2003]). Although claimant later asserted that a disability prevented him from performing the requested task, he failed to mention this to his supervisor or offer any other explanation for his refusal.

Notwithstanding claimant's contention to the contrary, the gaps in the hearing transcript do not preclude meaningful review of the decision (*see Matter of Van Bergen [Commissioner of Labor]*, 258 AD2d 705, 707 [1999]). To the extent that claimant maintains that an interpreter should have been provided to him, he failed to request such services and the record reveals no inability, either on the part of claimant or the Administrative Law Judge, in understanding the testimony at the hearing (*see Matter of Iskhakov [Commissioner of Labor]*, 11 AD3d 872, 873 [2004]; *Matter of Ramsey [Ross]*, 63 AD2d 1061, 1061 [1978]). Claimant's remaining contentions, including the challenge to the denial of his request for subpoenas, have been reviewed and found to be without merit.

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.