■ DIONNE WARD, Respondent, v SANDRA COX, Defendant, and DIANNE WARD, Appellant. [831 NYS2d 406]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 26, 2005, which, in an action for personal injuries sustained by plaintiff while a passenger in defendant-appellant's car, insofar as appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint as against her, unanimously reversed, on the law, without costs, defendant's motion granted and the complaint as against her dismissed. The Clerk is directed to enter judgment accordingly.

Defendant Dianne Ward was driving a Ford Explorer westbound on 127th Street toward Eighth Avenue with her daughter, plaintiff Dionne Ward, in the front passenger seat. The block was a one-lane, one-way street. Cars were parallel parked on the left side of the road, and parked "nose-in" at an angle on its right side. Codefendant Sandra Cox was backing her car out of one of the angled parking spaces when she collided with the side passenger's door of defendant's vehicle. Defendant had the right of way, and she testified at her deposition that she had approximately 2$\frac{1}{2}$ seconds to react to the other car. Although de-

fendant honked her horn, she did not apply her brakes because there was a car following closely behind her and she did not want to get hit. This appeal concerns the denial of defendant's motion for summary judgment. We reverse.

New York has long recognized the "emergency doctrine," which provides that when a person is faced with "a sudden and unexpected circumstance which leaves little or no time for thought, deliberation, or consideration," he or she will not be held liable upon a finding that he or she took "reasonable and prudent [action] in the emergency context" (*Caristo v Sanzone*, 96 NY2d 172, 174 [2001], quoting *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991] [internal quotation marks omitted]). While it is often a jury question whether a person's reaction to an emergency was reasonable (*see Smith v Brennan*, 245 AD2d 596, 597 [1997]; *Davis v Pimm*, 228 AD2d 885, 886 [1996], *lv denied* 88 NY2d 815 [1996]), summary resolution is possible when the individual presents sufficient evidence to support the reasonableness of his or her actions and there is no "opposing evidentiary showing sufficient to raise a legitimate question of fact on the issue" (*Smith, supra* at 597).

Here, defendant had the right of way, and the codefendant backed out of an angled parking spot into the traffic lane without ascertaining whether there was oncoming traffic (*see Jacino v Sugerman*, 10 AD3d 593, 595 [2004]). In these circumstances, defendant was "entitled to anticipate that [the codefendant] would obey traffic laws which required her to yield" (*id.*). Further, plaintiff failed to raise any material issue of fact as to any error in judgment on defendant's part. It is uncontested that defendant attempted to evade the collision by honking her horn, and that she made a split-second decision to avoid the additional dangers posed by either swerving to the left or applying her brakes. Accordingly, defendant should have been granted summary judgment and the complaint against her dismissed (*Bongiovi v Hoffman*, 18 AD3d 686 [2005]; *LeGrand v Primus Automotive Fin. Servs.*, 272 AD2d 450, 451 [2000]; *Davis, supra*; *Viegas v Esposito*, 135 AD2d 708 [1987], *lv denied* 72 NY2d 801 [1988]). Concur—Mazzarelli, J.P., Andrias, Sullivan, Williams and McGuire, JJ.