■ DAMON FRUTCHEY, an Infant, by GREGG FRUTCHEY, His Parent and Guardian, et al., Respondents, v JACQUELINE FELICITA, Defendant, and MICHAEL V. DELOSA et al., Appellants. [845 NYS2d 869]—

Crew III, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered October 20, 2006 in Chemung County, which denied a motion by defendants Michael V. DeLosa and Allen's Plumbing, Heating and Air Conditioning, Inc. for summary judgment dismissing the complaint against them.

This action arises out of a three-car accident that occurred on Route 427 in the Town of Ashland, Chemung County. At the

time of the accident, it was snowing and the roadway was covered with two to three inches of slush. Defendant Jacqueline Felicita was traveling eastbound when she lost control of her vehicle and entered the westbound lane of travel where she collided with a westbound vehicle operated by Linda Nichols. Defendant Michael V. DeLosa was operating a westbound vehicle owned by defendant Allen's Plumbing, Heating and Air Conditioning, Inc. (hereinafter collectively referred to as defendants) behind Nichols and, when he observed Felicita cross over into his lane of travel, he immediately turned into the eastbound lane in an effort to avoid the collision. Unfortunately, Felicita's vehicle caromed off Nichols' vehicle back into the eastbound lane and collided with the vehicle driven by DeLosa.

At the time of the accident, plaintiff Damon Frutchey, an infant, was a passenger in the Felicita vehicle and was seriously injured. Consequently plaintiff Gregg Frutchey, the child's father, commenced this action individually and on the child's behalf. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint on the ground that Felicita's conduct constituted the sole proximate cause of the accident. Supreme Court denied the motion, prompting this appeal.

It is axiomatic that when a person is confronted with a sudden and unforeseen occurrence not of his or her own making that person will not be considered negligent for reasonable actions taken in response to such emergency (see e.g. Caristo v Sanzone, 96 NY2d 172, 174 [2001]). In that regard, we have held that a driver is faced with just such an emergency when an oncoming car crosses into the driver's lane of travel (see Burnell v Huneau, 1 AD3d 758, 760 [2003]). While it ordinarily is a question of fact as to whether a driver's response to an emergency is reasonable, where, as here, the evidence establishes the reasonableness of the driver's response, summary judgment is appropriate (see Davis v Pimm, 228 AD2d 885, 887-888 [1996], lv denied 88 NY2d 815 [1996]).

Here, DeLosa testified that after following Nichols for some distance without incident, he suddenly saw Felicita's vehicle sliding into his lane of travel. In order to avoid a collision with Felicita and/or Nichols, he turned into the oncoming lane and was struck by Felicita after her vehicle caromed off Nichols' vehicle and was propelled back into the eastbound lane.

To be sure, there is an affidavit by an expert who opines that DeLosa should have pulled to the right onto the shoulder of the westbound lane and that, in so doing, he would have avoided a collision with the Felicita vehicle. This, of course, presumes that

DeLosa should have appreciated that Felicita's vehicle was going to veer off Nichols' vehicle back into her own lane of travel instead of propelling Nichols' vehicle into his vehicle had he turned to the right. Quite clearly, the law "presumes no such prescience" on the part of a person confronted with an emergency (*Smith v Brennan*, 245 AD2d 596, 598 [1997]).

Cardona, P.J., and Rose, J., concur.

Lahtinen, J. (dissenting). We respectfully dissent. The record contains sufficient admissible evidence to raise a question of fact as to whether defendant Michael V. DeLosa was negligent in the operation of his vehicle by failing to drive at an appropriately reduced speed considering the existing weather conditions and following the vehicle in front of him too closely. The road at the time of the accident was covered with slush, not plowed nor sanded or salted. Linda Nichols described the road condition as "really bad" and "very slippery." DeLosa testified that he was traveling between 35 and 40 miles per hour, had his lights and wipers on and was three to four car lengths behind the Nichols vehicle. DeLosa further testified that the existing road conditions required extra caution and vigilance. From that evidence it could be inferred that DeLosa was operating his vehicle at an unsafe speed and was following the Nichols vehicle too closely. "[T]he mere fact that an emergency situation subsequently develops does not insulate [DeLosa] from liability for prior tortious conduct—such as traveling at an excessive rate of speed or maintaining an unsafe following distance— which contributed to bringing about the emergency, and thus indirectly caused the accident" (*Herbert v Morgan Drive-A-Way*, 202 AD2d 886, 888-889 [1994] [Yesawich Jr., J., dissenting], *revd on dissenting mem* 84 NY2d 835 [1994]; *Gage v Raffensperger*, 234 AD2d 751, 752 [1996]). Accordingly, we would affirm Supreme Court's order.

Mugglin, J., concurs. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants Michael V. DeLosa and Allen's Plumbing, Heating and Air Conditioning, Inc. and complaint dismissed against them.