■ ROBERT L. SCHLANGER, Respondent-Appellant, v JOHN DOE, as Agent of BEST GENERAL RENTAL, et al., Appellants-Respondents, and DEREK A. BONSE, Respondent. [861 NYS2d 499]—

Malone Jr., J. Cross appeals from an order of the Supreme Court (Ceresia, Jr., J.), entered April 12, 2007 in Ulster County, which, among other things, denied the motions of defendants John Doe, Best General Rental and Volvo Construction Equipment North America, Inc. for summary judgment dismissing the complaint and cross claims against them.

Plaintiff commenced this personal injury action to recover damages for injuries that he sustained as a result of a motor vehicle accident that occurred on US Route 9W in the Town of

Ulster, Ulster County, in June 2003. Immediately prior to the accident, defendant John Doe, an employee of defendant Best General Rental, was traveling in the right northbound lane, driving a tractor trailer transporting a backhoe owned by Best General and manufactured by defendant Volvo Construction Equipment North America, Inc. Defendant Derek A. Bonse was traveling directly behind the tractor trailer and plaintiff was in the passing northbound lane, a short distance behind Bonse. As the tractor trailer traveled beneath a highway overpass, a window in the backhoe shattered, sending glass flying toward Bonse, who swerved to the left and struck plaintiff's vehicle.

Following joinder of issue and some discovery, Doe and Best General (hereinafter collectively referred to as Best General) moved for summary judgment dismissing the complaint and the cross claims against them. Volvo then cross-moved for the same relief, as did Bonse. Supreme Court granted Bonse's cross motion, but denied those of Best General and Volvo. Volvo and Best General now appeal and plaintiff cross-appeals.

Initially, we find that Supreme Court improperly granted Bonse's cross motion for summary judgment dismissing the complaint. While a defendant will not be considered negligent for his or her conduct if he or she is faced with an emergency situation, not of his or her own making, has little or no time to consider an alternative course of conduct and acts reasonably under the circumstances (see Caristo v Sanzone, 96 NY2d 172, 175 [2001]; Burnell v Huneau, 1 AD3d 758, 760 [2003]; Smith v Brennan, 245 AD2d 596, 597 [1997]), it generally remains a question for the trier of fact to determine whether an emergency existed and, if so, whether the defendant's response thereto was reasonable (see Caristo v Sanzone, 96 NY2d at 174-175; PJI 2:14). "Furthermore, merely encountering an emergency does not completely absolve one from liability; it simply requires that one's conduct be measured against that of a reasonable person confronted with similar circumstances in a similar time frame within which to react" (Davey v Ohler, 188 AD2d 726, 727 [1992]; see Ferrer v Harris, 55 NY2d 285, 293 [1982], amended 56 NY2d 737 [1982]). We have previously held in a case where a motorist suddenly encountered debris on the road that, "[e]xcept in the most egregious circumstances, it is normally left to the trier of fact to determine if a particular situation rises to the level of an emergency" (Stevenson v Recore, 221 AD2d 834, 834 [1995]).

Here, Bonse encountered shattered glass and, in response thereto, changed lanes in a manner that ostensibly violated Vehicle and Traffic Law § 1128 (a). It merits noting that the

danger posed by shattered glass pales in comparison to many situations occurring on roads, such as a vehicle cross over (*see* *Smith v Brennan*, 245 AD2d at 597) or a child darting out (*see* *Ferrer v Harris*, 55 NY2d at 289). Whether it is reasonable for a driver who was faced with shattered glass to immediately swerve left, without looking, into an adjoining lane of traffic—where the driver struck a vehicle traveling in the same direction—is an issue that should not be decided as a matter of law in favor of the driver. Moreover, this record does not reveal how closely Bonse was following the tractor trailer from which the shattered glass came. If the shattered glass was, as Bonse seems to suggest, still airborne when he encountered it, then an apparent issue exists as to whether his distance was "reasonable and prudent" (Vehicle and Traffic Law § 1129 [a]) so as to give him time to react in a proper fashion. Plaintiff also acknowledged at his deposition that prior to the accident he did not know whether there were other vehicles behind him or in the lane to his left, indicating a possible factual issue as to whether he was paying reasonable attention. The record also suggests that there was an available lane to Bonse's right raising a question as to whether his conduct in moving left rather than right was reasonable. Under all the circumstances prevailing at the time of the accident, summary judgment premised upon the emergency doctrine was not appropriate.

We do find, however, that Supreme Court properly applied the doctrine of res ipsa loquitur in denying Best General's motion for summary judgment. A plaintiff is entitled to invoke the doctrine of res ipsa loquitur and create an inference of negligence when he or she establishes that (1) the event is of a kind that does not normally occur in the absence of negligence, (2) it was caused by an agency or instrumentality within the exclusive control of the defendant, and (3) the plaintiff did not contribute to the cause by any voluntary act (*see Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226-227 [1986]; *Rondeau v Georgia Pac. Corp.*, 29 AD3d 1066, 1069 [2006]). Here, we agree with Supreme Court that the shattering of a glass window in a backhoe is not an event that normally occurs absent some party's negligence and it was not disputed that the backhoe was under Best General's exclusive control from the time it was loaded onto the tractor trailer until the time of the accident. It is also evident that plaintiff did not cause the window to shatter or otherwise contribute to the event. As such, Supreme Court properly denied Best General's motion for summary judgment dismissing the complaint based upon the doctrine of res ipsa loquitur. To the extent that Best General argues that the application of res ipsa loquitur was inappropriate because the ac-

cident might have been caused by something other than its negligence, we note that the issue of proximate cause is ordinarily a question of fact for a jury to resolve (see Decker v Forenta LP, 290 AD2d 925, 926 [2002]).

Finally, we partially agree with Volvo that Supreme Court erred in denying its cross motion for summary judgment dismissing the complaint and cross claims against it. Plaintiff asserted a products liability claim, alleging both defective design and defective manufacturing. With respect to the defective design claim, Volvo satisfied its initial burden as the movant for summary judgment by submitting the affidavit of its director of product integrity, which established that the design of the backhoe, its windows and the window fastening mechanism was reasonably safe (see Preston v Peter Luger Enters., Inc., 51 AD3d 1322, 1323 [2008]). In opposition, plaintiff submitted only the affidavit of his counsel, which failed to create a triable issue of fact. As such, summary judgment dismissing that part of plaintiff's products liability claim against Volvo sounding in defective design should have been granted.*

We reach a different conclusion, however, with respect to plaintiff's manufacturing defect claim. In such claims, " 'the harm arises from the product's failure to perform in the intended manner due to some flaw in the fabrication process' " (McArdle v Navistar Intl. Corp., 293 AD2d 931, 932 [2002], quoting Denny v Ford Motor Co., 87 NY2d 248, 257 n 3 [1995]). Volvo maintains that the fact that plaintiff has not alleged a specific defect renders any effort by it to address such a claim a "fool's errand." However, plaintiff is not required to prove any specific defect (see e.g. Speller v Sears, Roebuck & Co., 100 NY2d 38, 41-42 [2003]), and his reliance on circumstantial evidence of a defect does not relieve Volvo of its initial burden, as the movant for summary judgment seeking the dismissal of this claim, to establish that the backhoe was not defective as a matter of law (see Preston v Peter Luger Enters., Inc., 51 AD3d at 1324; McArdle v Navistar Intl. Corp., 293 AD2d at 932). As Volvo's submissions in support of its cross motion for summary judgment motion did not address or acknowledge plaintiff's manufacturing defect claim, Volvo did not satisfy this initial burden (compare Preston v Peter Luger Enters., Inc., 51 AD3d at 1323; Maciarello v Empire Comfort Sys., 16 AD3d 1009, 1010 [2005]; Rachlin v Volvo Cars of N. Am., 289 AD2d 981, 982 [2001]). Accordingly, its cross motion was properly denied as to this claim.

---

* We note that plaintiff indicated at oral argument that he was abandoning this claim.

Spain, J.P., Lahtinen, Kane and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) denied that part of the cross motion of defendant Volvo Construction Equipment North America, Inc. for summary judgment dismissing the cause of action for defective design, and as (2) granted defendant Derek A. Bonse's cross motion for summary judgment; Volvo's cross motion granted to said extent and said cause of action dismissed against it and Bonse's cross motion denied; and, as so modified, affirmed.