Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 17, 2012, which, among other things, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Claimant managed the employer’s accounting department beginning in January 2006. By letter dated July 14, 2008, claimant submitted a resignation letter stating that, after thinking about her “professional growth,” she decided to resign her employment, effective December 31, 2008. Subsequently, following alleged disputes with the employer’s new president, petitioner received a letter from her supervisor at a September 8, 2008 meeting which criticized her job performance. The next day, claimant sent her supervisor an email stating that, due to “verbal abuse,” she decided to resign her position, effective September 15, 2008, however, she would be available thereafter to work for the employer as a consultant at the rate of $120 per hour. Claimant thereafter filed an original claim for unemployment insurance benefits, effective September 22, 2008, indicating that the reason for her separation from employment was that she was discharged. By initial determinations, claimant was disqualified from receiving benefits on the ground that she voluntarily left her employment without good cause and charged with a recoverable overpayment of benefits pursuant to Labor Law § 597 (4), along with a forfeiture penalty. The determinations were ultimately upheld by an Administrative Law Judge following a hearing on remittal and the Unemployment Insurance Appeal Board affirmed. This appeal ensued.
We affirm. “[W]hether a claimant has good cause to leave his or her employment is a factual question for the Board to resolve and its decision will not be disturbed if supported by substantial evidence” (Matter of Neely [Pinnacle Lutheran Church—Commissioner of Labor], 110 AD3d 1129, 1129 [2013] [internal quotation marks and citation omitted]; see Matter of Torres [Commissioner of Labor], 111 AD3d 1215, 1215 [2013])- Here, the employer’s witnesses disputed claimant’s testimony that she *1278 was subjected to verbal abuse and harassment at work, thereby creating a credibility issue for the Board to resolve (see Matter of Grace [Astrocom Elecs., Inc.—Commissioner of Labor], 69 AD3d 1156, 1157 [2010]). Moreover, while claimant also testified that she made no willful misrepresentation with respect to her application for benefits because she was actually discharged at the September 8, 2008 meeting with her supervisor, we find no basis to disturb the Board’s finding that this assertion was not credible in light of the email she sent to the employer the day after that meeting indicating that she was resigning her position but was still willing to work as a consultant.
Finally, to the extent that claimant’s challenge to the completeness of the hearing transcript is properly before us, we conclude that “the gaps in the hearing transcript do not preclude meaningful review of the decision” (Matter of Mercure [Commissioner of Labor], 27 AD3d 857, 858 [2006]; see Matter of Schachtman [Commissioner of Labor], 286 AD2d 790, 791 [2001], lv denied 97 NY2d 607 [2001]).
Lahtinen, J.E, Stein, Garry and Egan Jr., JJ., concur.
Ordered that the decision is affirmed, without costs.